# 18-1862-cv

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

❯❯❮❮

KATHRYN TOWNSEND GRIFFEN, HELEN MCDONALD,
THE ESTATE OF CHERRIGALE TOWNSEND,

*Plaintiffs-Appellees,*

*v.*

EDWARD CHRISTOPHER SHEERAN, PERSONALLY KNOWN AS ED SHEERAN,
ATLANTIC RECORDING CORPORATION, SONY/ATV MUSIC PUBLISHING, LLC,

*Defendants-Appellees,*

*and*

WARNER MUSIC GROUP CORP., DBA ASYLUM RECORDS,

*Defendant,*

*v.*

STRUCTURED ASSET SALES, LLC,

*Movant-Appellant.*

—————————

*On Appeal from the United States District Court
for the Southern District of New York*

## APPENDIX

PARNESS LAW FIRM, PLLC
*Attorneys for Movant-Appellant*
136 Madison Avenue, 6th Floor
New York, New York 10016
212-447-5299

FRANK & ASSOCIATES, P.C.
*Attorneys for Plaintiffs-Appellees*
500 Bi-County Boulevard, Suite 465
Farmingdale, New York 11735
850-629-4168

*(Additional Counsel on the Reverse)*

PRYOR CASHMAN LLP
*Attorneys for Defendants-Appellees*
7 Times Square
New York, New York 10036
212-326-0108

# **Table of Contents**

**Page**

District Court Docket Entries .................................................................. A1

Complaint, dated June 24, 2017 ............................................................ A12

Answer, dated September 18, 2017 ........................................................ A27

Case Management and Scheduling Order,
     so-ordered October 6, 2017 ............................................................ A37

Letter from The Law Offices of Frank & Rice, P.A. to the
     Honorable Richard J. Sullivan, dated March 13, 2018 .................... A41

Letter from Pryor Cashman LLP to the Honorable Richard J.
     Sullivan, dated March 22, 2018 ........................................................ A43

Letter from Parness Law Firm, PLLC to the Honorable Richard J.
     Sullivan, dated May 10, 2018 ........................................................... A44

Letter from Pryor Cashman LLP to the Honorable Richard J.
     Sullivan, dated May 11, 2018 ........................................................... A49

Letter from Frank & Rice, P.A. to the Honorable Richard J.
     Sullivan, dated May 16, 2018 ........................................................... A52

Letter from Pryor Cashman LLP to the Honorable Richard J.
     Sullivan, dated May 17, 2018 ........................................................... A56

Order of the Honorable Richard J. Sullivan, dated June 11, 2018 ......... A59

Notice of Appeal, dated June 21, 2018.................................................. A64

## **Table of Contents**
### **(continued)**

**Page**

Individual Rules and Practices of Judge Richard J. Sullivan ................. A65

Docket for *Griffin, et al v. Sheeran, et al*,
    Case: 1:16-cv-06309-RJS ............................................................. A73

Docket for *Structured Asset Sales, LLC v. Sheeran et al*,
    Case: 1:18-Cv-05839-RJS ............................................................. A83

7/26/2018                                   SDNY CM/ECF Version 6.2.2

APPEAL,ECF,MEDTFR4,RELATED

## U.S. District Court
### Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:17-cv-05221-RJS

| | |
|---|---|
| Griffin et al v. Sheeran et al | Date Filed: 07/11/2017 |
| Assigned to: Judge Richard J. Sullivan | Jury Demand: Plaintiff |
| Demand: $9,999,000 | Nature of Suit: 820 Copyright |
| Related Cases: 1:16-cv-06309-RJS | Jurisdiction: Federal Question |
| 1:18-cv-05839-RJS | |
| Cause: 17:101 Copyright Infringement | |

**Plaintiff**
**Kathryn Townsend Griffin**                  represented by **Patrick Ryan Frank**
Frank & Associates,
500 Bi-County Blvd, Ste 465
Farmingdale, NY 11735
(850)-629-4168
Fax: (850)-629-4184
Email: lawatf@aol.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**Helen McDonald**                            represented by **Patrick Ryan Frank**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**
**The Estate of Cherrigale Townsend**         represented by **Patrick Ryan Frank**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
**Edward Christopher Sheeran**                represented by **Andrew Mark Goldsmith**
*personally known as*                         Pryor Cashman LLP
Ed Sheeran                                    7 Times Square
New York, NY 10036
(212)-326-0419
Fax: (212)-798-6925
Email: agoldsmith@pryorcashman.com
*ATTORNEY TO BE NOTICED*

**Donald S. Zakarin**
Pryor Cashman LLP
7 Times Square
New York, NY 10036
212 326 0108
Fax: 212 326 0806

# A2

Email: DZakarin@pryorcashman.com
*ATTORNEY TO BE NOTICED*

**Ilene Susan Farkas**
Pryor Cashman LLP
7 Times Square
New York, NY 10036
212-421-4100
Fax: 212-326-0806
Email: ifarkas@pryorcashman.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Atlantic Recording Corporation**       represented by   **Andrew Mark Goldsmith**
*doing business as*                                        (See above for address)
Atlantic Records                                           *ATTORNEY TO BE NOTICED*

**Donald S. Zakarin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ilene Susan Farkas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Warner Music Group Corporation**
*doing business as*
Asylum Records

**Defendant**

**Sony/ATV Music Publishing, LLC**       represented by   **Andrew Mark Goldsmith**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Donald S. Zakarin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Ilene Susan Farkas**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor Plaintiff**

**Structured Asset Sales, LLC**          represented by   **Hillel Ira Parness**
Parness Law Firm, PLLC
136 Madison Avenue, 6th Floor
New York, NY 10007
212-447-5299
Fax: 646-722-3301
Email: hip@hiplaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

# A3

| Date Filed | # | Docket Text |
|---|---|---|
| 07/11/2017 | 1 | COMPLAINT against Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC, Warner Music Group Corporation, d/b/a Asylum Records. (Filing Fee $ 400.00, Receipt Number 0208-13883305)Document filed by Kathryn Griffin Townsend, Cherrigale Townsend, Helen McDonald.(Frank, Patrick) (Entered: 07/11/2017) |
| 07/11/2017 | 2 | CIVIL COVER SHEET filed. (Frank, Patrick) (Entered: 07/11/2017) |
| 07/11/2017 | 3 | AO 121 FORM COPYRIGHT - NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review.(Frank, Patrick) (Entered: 07/11/2017) |
| 07/11/2017 | 4 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Helen McDonald, Cherrigale Townsend, Kathryn Griffin Townsend.(Frank, Patrick) (Entered: 07/11/2017) |
| 07/11/2017 | 5 | **FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION for Keisha Dorlisa Rice to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13883484. Motion and supporting papers to be reviewed by Clerk's Office staff. Document filed by Helen McDonald, Cherrigale Townsend, Kathryn Griffin Townsend.(Frank, Patrick) Modified on 7/11/2017 (jc). (Entered: 07/11/2017)** |
| 07/11/2017 | 6 | **FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION for Katherine Hiett Viker to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13883528. Motion and supporting papers to be reviewed by Clerk's Office staff. Document filed by Helen McDonald, Cherrigale Townsend, Kathryn Griffin Townsend.(Frank, Patrick) Modified on 7/11/2017 (jc). (Entered: 07/11/2017)** |
| 07/11/2017 | 7 | **FILING ERROR - DEFICIENT DOCKET ENTRY - MOTION for Patrick Ryan Frank to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13883571. Motion and supporting papers to be reviewed by Clerk's Office staff. Document filed by Helen McDonald, Cherrigale Townsend, Kathryn Griffin Townsend.(Frank, Patrick) Modified on 7/11/2017 (jc). (Entered: 07/11/2017)** |
| 07/11/2017 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 5 MOTION for Keisha Dorlisa Rice to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13883484. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): 1) Attorney Affidavit/Declaration is missing - see Local Rule 1.3; and 2) case number is missing from caption on Motion and Proposed Order. Re-file the motion as a Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Attorney Affidavit/Declaration - attach Proposed Order. (jc) (Entered: 07/11/2017)** |
| 07/11/2017 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 6 MOTION for Katherine Hiett Viker to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13883528. Motion and supporting papers to be reviewed by Clerk's Office staff., 7 MOTION for Patrick Ryan Frank to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-13883571. Motion and supporting papers to be reviewed by Clerk's Office staff... The filings are deficient for the following reason(s): 1) Attorney Affidavit/Declaration is missing - see Local Rule 1.3; and 2) case number is missing from captions for motions and proposed orders. Re-file the motions as Motions to Appear Pro Hac Vice - attach** |

| | | |
|---|---|---|
| | | the correct signed PDFs - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Attorney Affidavit/Declaration for each case - attach Proposed Orders. (jc) (Entered: 07/11/2017) |
| 07/15/2017 | 8 | MOTION for Patrick Ryan Frank to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff. Document filed by Patrick Ryan Frank. (Frank, Patrick) (Entered: 07/15/2017) |
| 07/17/2017 | | >>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 8 MOTION for Patrick Ryan Frank to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (wb) (Entered: 07/17/2017) |
| 07/18/2017 | 9 | MOTION for Keisha Dorlisa Rice to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff. Document filed by Keisha Dorlisa Rice. (Frank, Patrick) (Entered: 07/18/2017) |
| 07/18/2017 | 10 | MOTION for Katherine Lanier Viker to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff. Document filed by Katherine Lanier Viker.(Frank, Patrick) (Entered: 07/18/2017) |
| 07/19/2017 | | >>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 9 MOTION for Keisha Dorlisa Rice to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff., 10 MOTION for Katherine Lanier Viker to Appear Pro Hac Vice . Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (ma) (Entered: 07/19/2017) |
| 07/21/2017 | | ***NOTICE TO ATTORNEY REGARDING CIVIL. CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Patrick Ryan Frank. The following case opening statistical information was erroneously selected/entered: Dollar Demand $25,000,000,000; County code New York. The following correction(s) have been made to your case entry: the Dollar Demand has been modified to 9999; the County code has been modified to XX Out of State. (kl) (Entered: 07/21/2017) |
| 07/21/2017 | | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Patrick Ryan Frank. The party information for the following party/parties has been modified: Sony/ATV Music Publishing, LLC, Kathryn Griffin Townsend, Helen McDonald, Cherrigale Townsend, Edward Christopher Sheeran, Atlantic Recording Corporation, Warner Music Group Corporation, d/b/a Asylum Records. The information for the party/parties has been modified for the following reason/reasons: party role was entered incorrectly; alias party name was omitted. (kl) (Entered: 07/21/2017) |
| 07/21/2017 | | ***NOTICE TO ATTORNEY REGARDING REMOVAL OF PARTY. Notice to attorney Patrick Ryan Frank. The following party/parties has been removed from this case: Katherine Lanier Viker, Keisha Dorlisa Rice, Patrick Ryan Frank. The party was added to the case in error. (kl) (Entered: 07/21/2017) |
| 07/21/2017 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Unassigned. (kl) (Entered: 07/21/2017) |
| 07/21/2017 | | Case Designated ECF. (kl) (Entered: 07/21/2017) |
| 07/21/2017 | | CASE REFERRED TO Judge Richard J. Sullivan as possibly similar to 1:16-cv-06309-RJS. (kl) (Entered: 07/21/2017) |
| 07/22/2017 | 11 | WAIVER OF SERVICE RETURNED EXECUTED. Atlantic Recording Corporation |

| | | |
|---|---|---|
| | | waiver sent on 7/20/2017, answer due 9/18/2017; Edward Christopher Sheeran waiver sent on 7/20/2017, answer due 9/18/2017; Sony/ATV Music Publishing, LLC waiver sent on 7/20/2017, answer due 9/18/2017. Document filed by Kathryn Townsend Griffin; The Estate of Cherrigale Townsend; Helen McDonald. (Frank, Patrick) (Entered: 07/22/2017) |
| 07/24/2017 | 12 | ORDER: The above-entitled matter has been assigned to my docket. Because three of the four defendants have waived service, pursuant to Federal Rule of Civil Procedure 4(d)(3) their answers are not due until September 18, 2017. Accordingly, IT IS HEREBY ORDERED THAT the parties shall appear for an initial conference on Friday, October 6, 2017 at 11:30 a.m. in Courtroom 905 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York. Initial Conference set for 10/6/2017 at 11:30 AM in Courtroom 905, 40 Centre Street, New York, NY 10007 before Judge Richard J. Sullivan. (Signed by Judge Richard J. Sullivan on 7/24/2017) (mro) (Entered: 07/25/2017) |
| 07/24/2017 | 13 | ORDER ON MOTION TO APPEAR PRO HAC VICE granting 8 Motion for Patrick Ryan Frank to Appear Pro Hac Vice. (Signed by Judge Richard J. Sullivan on 7/24/2017) (mro) (Entered: 07/25/2017) |
| 07/24/2017 | 14 | ORDER ON MOTION TO APPEAR PRO HAC VICE granting 10 Motion for Katherine Lanier Viker to Appear Pro Hac Vice. (Signed by Judge Richard J. Sullivan on 7/24/2017) (mro) (Entered: 07/25/2017) |
| 07/24/2017 | 15 | ORDER on Motion to Appear Pro Hac Vice granting 9 Motion for Keisha D. Rice to Appear Pro Hac Vice. IT IS HEREBY ORDERED that Applicant is admitted to appear Pro Hac Vice in the above-captioned case in the United States District Court of New York. All attorneys appearing before this Court are subject to the Local Rules of this Court, including the Rules governing discipline of attorneys. (Signed by Judge Richard J. Sullivan on 7/24/17) (yv) Modified on 8/10/2017 (yv). (Entered: 07/25/2017) |
| 07/25/2017 | | CASE ACCEPTED AS RELATED. Create association to 1:16-cv-06309-RJS. Notice of Assignment to follow. (bcu) (Entered: 07/26/2017) |
| 07/25/2017 | | NOTICE OF CASE REASSIGNMENT to Judge Richard J. Sullivan. Judge Unassigned is no longer assigned to the case. (bcu) (Entered: 07/26/2017) |
| 07/25/2017 | | Magistrate Judge Andrew J. Peck is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (bcu) (Entered: 07/26/2017) |
| 08/03/2017 | 16 | **FILING ERROR - ELECTRONIC FILING OF NON-ECF DOCUMENT - NOTICE OF VOLUNTARY DISMISSAL** Pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, the plaintiff(s) and or their counsel(s), hereby give notice that the above-captioned action is voluntarily dismissed, against the defendant(s) Warner Music Group Corporation. Document filed by Kathryn Townsend Griffin, The Estate of Cherrigale Townsend, Helen McDonald. (Frank, Patrick) Modified on 8/4/2017 (km). (Entered: 08/03/2017) |
| 08/04/2017 | | ***NOTE TO ATTORNEY TO E-MAIL PDF. Note to Attorney Patrick Frank for noncompliance with Section 18.3 of the S.D.N.Y. Electronic Case Filing Rules & Instructions. E-MAIL the PDF for Document 16 Notice of Voluntary Dismissal to: judgments@nysd.uscourts.gov. (km) (Entered: 08/04/2017) |
| 09/15/2017 | 17 | JOINT STIPULATION TO DISMISS CLAIMS THREE (3), FOUR (4), AND FIVE (5) OF PLAINTIFFS' COMPLAINT: COME NOW, the enumerated Plaintiffs and Defendants, collectively, who, by and through their respective counsel(s), and pursuant to the Federal Rules of Civil Procedure, Rule 41(1)(a), proffer the instant joint stipulation to |

7/26/2018                                      SDNY CM/ECF Version 6.2.2

| | | |
|---|---|---|
| | | dismiss Counts Three (3), Four (4), and Five (5) of the Plaintiffs' Complaint with the Parties bearing their respective fees and costs attendant hereto. SO ORDERED. (Signed by Judge Richard J. Sullivan on 9/15/2017) (ras) (Entered: 09/15/2017) |
| 09/18/2017 | 18 | ORDER: IT IS HEREBY ORDERED THAT the initial conference currently scheduled to occur on Friday, October 6, 2017 at 11:30 a.m. in Courtroom 905 of the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, New York shall instead occur at 11:00 a.m. on the same day. (Initial Conference set for 10/6/2017 at 11:00 AM in Courtroom 905, 40 Centre Street, New York, NY 10007 before Judge Richard J. Sullivan.) (Signed by Judge Richard J. Sullivan on 9/18/2017) (ap) (Entered: 09/18/2017) |
| 09/18/2017 | 19 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Access Industries, Inc., Corporate Parent Warner Music Group Corp. for Atlantic Recording Corporation. Document filed by Atlantic Recording Corporation.(Goldsmith, Andrew) (Entered: 09/18/2017) |
| 09/18/2017 | 20 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Sony Corporation (Japan) for Sony/ATV Music Publishing, LLC. Document filed by Sony/ATV Music Publishing, LLC.(Goldsmith, Andrew) (Entered: 09/18/2017) |
| 09/18/2017 | 21 | ANSWER to 1 Complaint,. Document filed by Atlantic Recording Corporation. (Goldsmith, Andrew) (Entered: 09/18/2017) |
| 09/18/2017 | 22 | ANSWER to 1 Complaint,. Document filed by Sony/ATV Music Publishing, LLC. (Goldsmith, Andrew) (Entered: 09/18/2017) |
| 09/18/2017 | 23 | ANSWER to 1 Complaint,. Document filed by Edward Christopher Sheeran.(Goldsmith, Andrew) (Entered: 09/18/2017) |
| 09/19/2017 | 24 | FILING ERROR - DEFICIENT DOCKET ENTRY - NOTICE OF APPEARANCE by Donald S. Zakarin on behalf of Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC. (Zakarin, Donald) Modified on 9/20/2017 (db). (Entered: 09/19/2017) |
| 09/19/2017 | 25 | NOTICE OF APPEARANCE by Andrew Mark Goldsmith on behalf of Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC. (Goldsmith, Andrew) (Entered: 09/19/2017) |
| 09/19/2017 | 26 | FILING ERROR - DEFICIENT DOCKET ENTRY - NOTICE OF APPEARANCE by Ilene Susan Farkas on behalf of Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC. (Farkas, Ilene) Modified on 9/20/2017 (db). (Entered: 09/19/2017) |
| 09/20/2017 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Donald S. Zakarin to RE-FILE Document 24 Notice of Appearance,. ERROR(S): Attorney filer does not match attorney signature. (db) (Entered: 09/20/2017) |
| 09/20/2017 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Ilene Susan Farkas to RE-FILE Document 26 Notice of Appearance. ERROR(S): Attorney filer does not match attorney signature. (db) (Entered: 09/20/2017) |
| 09/20/2017 | 27 | NOTICE OF APPEARANCE by Ilene Susan Farkas on behalf of Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC. (Farkas, Ilene) (Entered: 09/20/2017) |
| 09/20/2017 | 28 | NOTICE OF APPEARANCE by Donald S. Zakarin on behalf of Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC. (Zakarin, |

7/26/2018                                        SDNY CM/ECF Version 6.2.2

| | | Donald) (Entered: 09/20/2017) |
|---|---|---|
| 09/26/2017 | 29 | RULE 26(f) DISCOVERY PLAN REPORT.Document filed by Kathryn Townsend Griffin, Helen McDonald, The Estate of Cherrigale Townsend.(Frank, Patrick) (Entered: 09/26/2017) |
| 10/03/2017 | 30 | FIRST LETTER addressed to Judge Richard J. Sullivan from Ilene S. Farkas dated October 3, 2017 re: Joint-Status Letter. Document filed by Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC.(Goldsmith, Andrew) (Entered: 10/03/2017) |
| 10/06/2017 | 31 | Minute Entry for proceedings held before Judge Richard J. Sullivan: Scheduling Conference held on 10/6/2017. Patrick Ryan Frank, Katherine Viker, and Keisha Rice present for Plaintiffs. Ms. Viker and Ms. Rice are respectfully directed to file a notice of appearance in this matter. Illene Susan Farkas and Donald S. Zakarin present for Defendants. The Court set a discovery schedule in this matter, as set forth in the separately docketed order. (Nommensen, Sara) (Entered: 10/06/2017) |
| 10/09/2017 | 32 | CASE MANAGEMENT AND SCHEDULING ORDER: All Parties do not consent to disposition of this case by a Magistrate, pursuant to Title 28 of the United States Code, Section 636(c). This case is to be tried by a jury. Deposition due by 3/15/2018. Fact Discovery due by 3/15/2018. Discovery due by 6/15/2018. Status Conference set for 6/29/2018 at 10:00 AM before Judge Richard J. Sullivan. Referral to the Southern District's Mediation Program. Parties have conferred and their present best estimate of the length of trial is five (5) to seven (7) days. (Signed by Judge Richard J. Sullivan on 10/6/2017) (mro) (Entered: 10/10/2017) |
| 10/10/2017 | 33 | **FILING ERROR - DEFICIENT DOCKET ENTRY - NOTICE OF APPEARANCE** by Patrick Ryan Frank on behalf of Kathryn Townsend Griffin, Helen McDonald, The Estate of Cherrigale Townsend. (Frank, Patrick) Modified on 10/11/2017 (db). (Entered: 10/10/2017) |
| 10/10/2017 | 34 | **FILING ERROR - DEFICIENT DOCKET ENTRY - NOTICE OF APPEARANCE** by Patrick Ryan Frank on behalf of Kathryn Townsend Griffin, Helen McDonald, The Estate of Cherrigale Townsend. (Frank, Patrick) Modified on 10/11/2017 (db). (Entered: 10/10/2017) |
| 10/10/2017 | 35 | MEDIATION REFERRAL ORDER...IT IS HEREBY ORDERED THAT this case is referred for mediation to the Court-annexed Mediation Program. As stated on the record at the October 6, 2017 conference, the parties anticipate that they will be prepared to mediate by February of 2018. The parties are hereby notified that Local Rule 83.9 shall govern the mediation and are directed to participate in the mediation in good faith. The mediation will have no effect upon any scheduling order issued by this Court without leave of this Court. SO ORDERED. Please reference the following when corresponding with the Mediation Office. E-mail MediationOffice@nysd.uscourts.gov, telephone (212) 805-0643, and facsimile (212) 805-0647. Mediator to be Assigned by 10/20/2017. Mediator Expertise Request due by 10/16/2017. (Signed by Judge Richard J. Sullivan on 10/10/17) (yv) (Entered: 10/11/2017) |
| 10/11/2017 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Patrick Ryan Frank to RE-FILE Document 33 Notice of Appearance. ERROR(S): Attorney signature and Attorney filer do not match. (db) (Entered: 10/11/2017) |
| 10/11/2017 | | ***NOTICE TO ATTORNEY TO RE-FILE DOCUMENT - DEFICIENT DOCKET ENTRY ERROR. Notice to Attorney Patrick Ryan Frank to RE-FILE Document 34 |

7/26/2018                                        SDNY CM/ECF Version 6.2.2

| | | |
|---|---|---|
| | | Notice of Appearance. ERROR(S): Attorney signature and Attorney filer do not match. (db) (Entered: 10/11/2017) |
| 10/23/2017 | | NOTICE OF MEDIATOR ASSIGNMENT - Notice of assignment of mediator. Mediator Schedule due by 11/22/2017. Case to be mediated by February 2018.(cda) (Entered: 10/23/2017) |
| 11/21/2017 | 36 | STIPULATED PROTECTIVE ORDER...regarding procedures to be followed that shall govern the handling of confidential material...(See document.) FOR GOOD CAUSE SHOWN, IT IS SO ORDERED. (Signed by Judge Richard J. Sullivan on 11/21/2017) (ras) (Entered: 11/22/2017) |
| 11/21/2017 | 37 | ORDER: This Addendum is an integral part of the Order of today's date granting confidentiality protection to certain materials. Notwithstanding any other provision, no document may be filed with the Clerk under seal without a further Order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006) and any other controlling authority. Nothing herein is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court. (Signed by Judge Richard J. Sullivan on 11/21/2017) (ras) Modified on 1/8/2018 (ras). (Entered: 11/22/2017) |
| 11/27/2017 | | MEDIATOR SESSION SCHEDULED First Mediation Session scheduled for 1/19/2018, 10:00 AM at the Offices of Defendant's Counsel.(cda) (Entered: 11/27/2017) |
| 01/23/2018 | | Mediator Session Held on 1/19/2018 at Offices of Defendant's Counsel.(mf) (Entered: 01/23/2018) |
| 03/13/2018 | 38 | FIRST LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Richard J. Sullivan from Patrick R. Frank dated 03/13/2018. Document filed by Kathryn Townsend Griffin, Helen McDonald, The Estate of Cherrigale Townsend.(Frank, Patrick) (Entered: 03/13/2018) |
| 03/14/2018 | 39 | ORDER granting 38 Letter Motion for Extension of Time to Complete Discovery. The parties' joint request to extend the deadline for fact discovery to March 28, 2018 is GRANTED. All other deadlines set forth in the Court's October 9, 2018 scheduling order (Doc. No. 32) remain unchanged. (Signed by Judge Richard J. Sullivan on 3/14/2018) (ras) Modified on 5/14/2018 (ras). (Entered: 03/14/2018) |
| 03/14/2018 | | Set/Reset Deadlines: Fact Discovery due by 3/28/2018. (ras) (Entered: 03/14/2018) |
| 03/22/2018 | 41 | SECOND LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Richard J. Sullivan from Donald S. Zakarin dated March 22, 2018. Document filed by Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC. (Attachments: # 1 Text of Proposed Order)(Goldsmith, Andrew) (Entered: 03/22/2018) |
| 03/22/2018 | 42 | ORDER granting 41 SECOND LETTER MOTION for Extension of Time to Complete Discovery addressed to Judge Richard J. Sullivan from Donald S. Zakarin dated March 22, 2018. Document filed by Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC. So ordered. (Deposition due by 4/27/2018). (Signed by Judge Richard J. Sullivan on 3/22/2018) (rjm) (Entered: 03/23/2018) |
| 05/10/2018 | 43 | LETTER addressed to Judge Richard J. Sullivan from Hillel I. Parness dated May 10, 2018 re: Pre-Motion Letter to Intervene as Plaintiff. Document filed by Structured Asset Sales, LLC.(Parness, Hillel) (Entered: 05/10/2018) |

| 05/10/2018 | 44 | NOTICE OF APPEARANCE by Hillel Ira Parness on behalf of Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 05/10/2018) |
|---|---|---|
| 05/11/2018 | 45 | FIRST LETTER addressed to Judge Richard J. Sullivan from Donald S. Zakarin dated May 11, 2018 re: Response to Pre-Motion Letter of Proposed Intervenor, Structured Asset Sales, LLC. Document filed by Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC.(Goldsmith, Andrew) (Entered: 05/11/2018) |
| 05/16/2018 | 46 | LETTER addressed to Judge Richard J. Sullivan from Patrick R. Frank dated May 16, 2018 re: Griffin, et.al. v. Sheeran, et.al.. Document filed by Kathryn Townsend Griffin, Helen McDonald, The Estate of Cherrigale Townsend.(Frank, Patrick) (Entered: 05/16/2018) |
| 05/17/2018 | 47 | SECOND LETTER addressed to Judge Richard J. Sullivan from Donald S. Zakarin dated May 17, 2018 re: Proposed Intervention of Structured Asset Sales and Response to Letter from Plaintiffs' Counsel. Document filed by Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC.(Goldsmith, Andrew) (Entered: 05/17/2018) |
| 06/11/2018 | 48 | ORDER: Because SAS's motion to intervene is clearly untimely, the Court deems the motion to be made and denies it. The parties are reminded that expert discovery shall be completed by June 15, 2018, the parties shall file premotion letters, if any, by June 15, 2018, and the Court will conduct a post-discovery conference on June 29, 2018 at 10:00 a.m. ( Expert Discovery due by 6/15/2018., Status Conference set for 6/29/2018 at 10:00 AM before Judge Richard J. Sullivan.) (Signed by Judge Richard J. Sullivan on 6/11/2018) (mro) (Entered: 06/11/2018) |
| 06/15/2018 | 49 | FIRST LETTER MOTION for Conference *re: Defendants' anticipated motion for summary judgment* addressed to Judge Richard J. Sullivan from Donald S. Zakarin dated June 15, 2018. Document filed by Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC.(Goldsmith, Andrew) (Entered: 06/15/2018) |
| 06/15/2018 | 50 | FIRST LETTER MOTION to Compel Edward Christopher Sheeran, Atlantic Records, Sony/ATV Publishing, LLC to produce *International Profits/Expert Materials* addressed to Judge Richard J. Sullivan from Patrick R. Frank dated 06/15/2018. Document filed by Kathryn Townsend Griffin, Helen McDonald, The Estate of Cherrigale Townsend.(Frank, Patrick) (Entered: 06/15/2018) |
| 06/19/2018 | 51 | FIRST REPLY MEMORANDUM OF LAW in Opposition re: 49 FIRST LETTER MOTION for Conference *re: Defendants' anticipated motion for summary judgment* addressed to Judge Richard J. Sullivan from Donald S. Zakarin dated June 15, 2018. . Document filed by Kathryn Townsend Griffin, Helen McDonald, The Estate of Cherrigale Townsend. (Frank, Patrick) (Entered: 06/19/2018) |
| 06/20/2018 | 52 | FIRST LETTER addressed to Judge Richard J. Sullivan from Donald S. Zakarin dated June 20, 2018 re: Response to Plaintiffs' Letter Application To Make A Motion To Compel Discovery. Document filed by Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC.(Goldsmith, Andrew) (Entered: 06/20/2018) |
| 06/21/2018 | 53 | NOTICE OF APPEAL from 48 Order, Set Deadlines/Hearings,,,,. Document filed by Structured Asset Sales, LLC. Filing fee $ 505.00, receipt number 0208-15233196. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Parness, Hillel) (Entered: 06/21/2018) |
| 06/22/2018 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 53 Notice of Appeal. (tp) (Entered: 06/22/2018) |

| 06/22/2018 |  | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 53 Notice of Appeal, filed by Structured Asset Sales, LLC were transmitted to the U.S. Court of Appeals. (tp) (Entered: 06/22/2018) |
|---|---|---|
| 06/22/2018 | 54 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU - MOTION** to appear telephonically re: 32 Scheduling Order,, . Document filed by Kathryn Townsend Griffin, Helen McDonald, The Estate of Cherrigale Townsend.(Frank, Patrick) Modified on 7/11/2018 (db). (Entered: 06/22/2018) |
| 06/26/2018 | 55 | ORDER granting 54 Motion. Counsels' request to appear telephonically is granted. IT IS HEREBY ORDERED THAT counsel shall use the following conference line: 1-888-363-4749 access code: 3290725. SO ORDERED. (Signed by Judge Richard J. Sullivan on 6/25/2018) (ne) (Entered: 06/26/2018) |
| 06/26/2018 | 56 | MEMO ENDORSEMENT on re: 51 Reply Memorandum of Law in Opposition to Motion, filed by Helen McDonald, The Estate of Cherrigale Townsend, Kathryn Townsend Griffin. ENDORSEMENT: The Court will hold a premotion conference on the parties' contemplated motions for summary judgement on Friday, June 29, 2018 at 10:00 a.m. In advance of that conference, IT IS HEREBY ORDERED THAT Defendants shall respond in writing to the factual assertions and arguments presented in Part B of this letter no later than Wednesday, June 27, 2018. SO ORDERED. (Pre-Motion Conference set for 6/29/2018 at 10:00 AM before Judge Richard J. Sullivan.) (Signed by Judge Richard J. Sullivan on 6/25/2018) (ne) Modified on 6/27/2018 (ne). (Entered: 06/26/2018) |
| 06/27/2018 | 57 | FIRST LETTER addressed to Judge Richard J. Sullivan from Donald S. Zakarin dated June 27, 2018 re: Section B of Plaintiffs' Letter dated June 19, 2018. Document filed by Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC.(Goldsmith, Andrew) (Entered: 06/27/2018) |
| 06/28/2018 | 58 | LETTER addressed to Judge Richard J. Sullivan from Hillel I. Parness dated June 28, 2018 re: Notice of Second Lawsuit. Document filed by Structured Asset Sales, LLC. (Attachments: # 1 Exhibit SAS v. Sheeran Complaint)(Parness, Hillel) (Entered: 06/28/2018) |
| 06/28/2018 | 59 | FIRST LETTER addressed to Judge Richard J. Sullivan from Donald S. Zakarin dated June 28, 2018 re: Letter from Hillel Parness. Document filed by Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC.(Goldsmith, Andrew) (Entered: 06/28/2018) |
| 06/29/2018 | 60 | LETTER addressed to Judge Richard J. Sullivan from Hillel I. Parness dated June 29, 2018 re: Request for Conference. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 06/29/2018) |
| 06/29/2018 | 61 | FIRST LETTER addressed to Judge Richard J. Sullivan from Donald S. Zakarin dated June 29, 2018 re: Letter from Hillel Parness dated June 29, 2018. Document filed by Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC.(Goldsmith, Andrew) (Entered: 06/29/2018) |
| 06/29/2018 |  | Minute Entry for proceedings held before Judge Richard J. Sullivan: Pre-Motion Conference held on 6/29/2018. Patrick Ryan Frank and Keisha Rice present telephonically for Plaintiffs. Donald S. Zakarin and Ilene Susan Farkas present for Defendants. The Court held a premotion conference. As stated on the record, the parties shall file a joint status update letter regarding Plaintiffs' proposed motion to compel no later than July 11, 2018. Defendants shall file their motion for summary judgment by July 27, 2018; Plaintiffs shall respond by August 28, 2018; and Defendants shall reply by September 18, 2018. (Nommensen, Sara) (Entered: 07/01/2018) |
| 06/29/2018 | 62 | MEMO ENDORSEMENT on re: (60 in 1:17-cv-05221-RJS) Letter filed by Structured |

# A11

|  |  |  |
|---|---|---|
|  |  | Asset Sales, LLC. ENDORSEMENT: Counsel's request is DENIED. The Court will issue a scheduling order in the related case, 18-cv-5839, once Defendants have been served. (Signed by Judge Richard J. Sullivan on 6/29/2018) (mro) (Entered: 07/02/2018) |
| 07/02/2018 |  | NOTICE OF REDESIGNATION TO ANOTHER MAGISTRATE JUDGE. The above entitled action has been redesignated to Magistrate Judge Ona T. Wang. Please note that this is a reassignment of the designation only. (jc) (Entered: 07/02/2018) |
| 07/20/2018 | 63 | FIRST LETTER MOTION for Leave to File Excess Pages addressed to Judge Richard J. Sullivan from Ilene S. Farkas dated July 20, 2018. Document filed by Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC.(Goldsmith, Andrew) (Entered: 07/20/2018) |
| 07/23/2018 | 64 | ORDER granting 63 Letter Motion for Leave to File Excess Pages. SO ORDERED. (Signed by Judge Richard J. Sullivan on 7/20/2018) (rro) (Entered: 07/23/2018) |
| 07/24/2018 | 65 | AO 121 FORM COPYRIGHT - CASE OPENING - SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a court action has been filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights. (pne) (Entered: 07/24/2018) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/26/2018 14:55:37 | | |
| **PACER Login:** | phpappeals10east:2616006:0 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** 1:17-cv-05221-RJS |
| **Billable Pages:** | 10 | **Cost:** 1.00 |

Harper/Harper S1 SCAN '17/6/24 A00K01O003A20 5170

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

**KATHRYN TOWNSEND GRIFFIN,**
**HELEN McDONALD, the**
**Estate of CHERRIGALE TOWNSEND,**

**Plaintiffs,**

**vs.**                                          **CASE NO:**

|  |  |
|---|---|
|  | **COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL** |

**EDWARD CHRISTOPHER SHEERAN,** *p/k/a*
**ED SHEERAN, ATLANTIC RECORDING**
**CORPORATION,** *d/b/a* **ATLANTIC RECORDS,**
**SONY/ATV MUSIC PUBLISHING, LLC**
**WARNER MUSIC GROUP CORPORATION,**
*d/b/a* **ASYLUM RECORDS,**

**Defendants.**
_____/

### COMPLAINT FOR COPYRIGHT INFRINGEMENT

COME NOW, the Plaintiffs, **KATHRYN TOWNSEND GRIFFIN**, **the Estate of**

**CHERRIGALE TOWNSEND**, and **HELEN McDONALD**, who, by and through their

undersigned counsel(s), hereby sue the enumerated Defendants, **EDWARD CHRISTOPHER**

**SHEERAN** (professionally known as "Ed Sheeran") individually, and **ATLANTIC**

**RECORDING CORPORATION,** *d/b/a* **ATLANTIC RECORDS, SONY/ATV MUSIC**

**PUBLISHING, LLC**, and **WARNER MUSIC GROUP** *d/b/a* **ASYLUM RECORDS** and

would further allege as follows:

**Page 1 of 15**

**Nature of the Case**

1.   This is an action for copyright infringement, in violation of 17 U.S.C. ¶¶ 101, *et seq*.,

arising from the Defendants' unauthorized reproduction, distribution and/or public performance

of the Plaintiffs' copyrighted musical composition *"Let's Get it On"* (*"Let's"*) using the hit song,

*"Thinking Out Loud"* (*"Thinking"*), written by Amy Wadge and Ed Sheeran and, subsequently,

recorded by Ed Sheeran.

**Jurisdiction**

2.   The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §

1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et. seq.*

3.   This Court has personal jurisdiction over the enumerated Defendants because they

have directed their activities and marketing of the infringing works to New York residents, and

New York residents are able to purchase, download, and stream the infringing compositions and

recordings.  As such, the Defendants have engaged in continuing business activities in the instant

jurisdiction.

4.   The instant Defendants are, at a minimum, constructively aware of their continuous

and substantial commercial interactions with New York residents.

5.   The Defendant, Mr. Ed Sheeran, has performed, and he and the other Defendants

have authorized, organized, and promoted performances of the infringing work numerous times

in New York.

6.   The Defendants have generated touring revenues from the unauthorized and unlawful

exploitation of the infringing work, including receiving substantial revenue from such

exploitation in New York.

# A14

7.   Upon information and belief, the Defendants, individually and collectively, have generated substantial revenue from the exploitation of the infringing works in New York.

8.   New York has a considerable interest in adjudicating disputes wherein New York residents are the target of the harm resulting from exploitation of the infringing work.

9.   The Defendants herein facilitated the infringing acts occurring in the U.S., and actively participated in a scheme aiding, inducing, and contributing to copyright infringement in the U.S.

10.   For those Defendant(s) primarily based out of the U.K., given their willful and knowing exploitation of the infringing work in New York, each could reasonably anticipate being sued in a court in the U.S., and New York, specifically.

11.   Venue is proper in this Judicial District pursuant to 28 U.S.C 1391 (b), 1391 (c), and 1400(a) , respectively, because Defendants maintain offices in, and are subject to, personal jurisdiction in this Judicial District and have committed unlawful acts of infringement in this Judicial District.

## Parties

12.   The Plaintiffs at issue herein are the heirs of Mr. Ed Townsend, co-writer of the lyrics of *Let's Get It On* and creator of its musical composition, and are engaged, among other things, in conducting the business of music publishing and otherwise commercially availing musical composition copyrights of the music of Mr. Ed Townsend.

13.   Upon reasonable information and belief, the Defendant, Edward Sheeran, is a musician, singer, songwriter, and producer living in the United Kingdom who does business in New York, individually, under Ed Sheeran Limited, and under Gingerbread Man Records.  In addition, Sheeran was nominated for a Grammy Award for Best Record, Best Performance, and

# A15

Song of the Year in 2016 for *Thinking*.  Sheeran conducts systematic and continuous business in New York including, but not limited to, public performances, and selling albums and merchandise to the citizens of New York.   The Defendant, Edward Sheeran, has reproduced, distributed, and publicly performed the infringing work and sound recording and/or authorized its reproduction, distribution, and public performance.

14.  Upon reasonable information and belief, ATLANTIC RECORDING CORPORATION, d/b/a Atlantic Records, ("Atlantic") is a Delaware corporation with its Principal place of business in New York, New York.  Upon reasonable information and belief, Atlantic is the manufacturer and distributor of *Thinking* and, in so doing, participated in the exploitation of *Let's*.

15.  Upon reasonable information and belief, SONY/ATV MUSIC PUBLISHING, LLC, ("SONY/ATV") is a Delaware company with its principal place of business in New York, New York.  Upon reasonable information and belief, Sony/ATV is the music publisher for *Thinking* and *Let's* and is in a unique position to have known about and/or participated in the exploitation of either or both works.

16.  Upon reasonable information and belief, WARNER MUSIC GROUP CORPORATION, *d/b/a* Asylum Records, is a Delaware corporation with its principal place of business in New York.  The Defendant, Asylum, is responsible for the manufacturing, distribution, marketing and promotion of *Thinking* and has benefitted extensively from the sale of *Thinking*.

### ***Ownership of Let's Get it On***

17.  The musical composition, *Let's Get It On*, was written by Marvin Gaye ('Gaye") and Ed Townsend  ("Townsend") and recorded by Gaye, in 1973.

18.  It is undisputed by all parties that the Townsend Heirs have an ownership interest in the copyright for *Let's Get it On*.

### The Heart of *Let's Get It On*

19.  The harmonic, melodic, and rhythmic elements of composition in *Let's Get It On* have made this song one (1) of the most famous songs in R&B and soul music history.  *Let's* has been anthologized by celebrated music producers and ranked as the 20th greatest breakbeat of all time.

20.  *Let's*, begins with an iconic melody, bass line, harmony and rhythm that are recognized around the world.  The prominence of the bass line and drum composition throughout *Let's* make these compositional elements qualitatively important to the musical work as a whole. The combination of these elements constitute the driving force of this composition.

### *Thinking Out Loud*

21.  The enumerated Defendants released *Thinking* by the artist, Ed Sheeran on or about September 24, 2014, including without limitation, on the album, *X*.

22.  Upon reasonable information and belief, *Thinking* has hit the number one (1) position on the national charts in eleven (11) countries since 2014, and has been certified platinum multiple times by the Recording Industry Association of America, indicating sales in excess of one million (1,000,000) copies sold in the United States, as well as substantial sales internationally.

23.  According to the Official Charts Company, the recording of *Thinking* is one (1) of the best-selling singles of all time in the U.K., having sold over 2 million (2,000,000) copies.

24.  Upon reasonable information and belief, the Defendants have authorized the use of *Thinking* in compilation albums, television commercials and music videos.

25.  Specifically, the music video for *Thinking* is one (1) of the most popular sponsored music videos on YouTube.  Prior to the viewing of *Thinking* on YouTube, an advertisement appears for which the Defendants are entitled to and receive a royalty or other revenue. As of April 2016, *Thinking* has been played over **one billion** (1,000,000,000) **times** on YouTube.

### Ed Sheeran

26.  The instant Defendant, Mr. Edward Sheeran, professionally known as "Ed Sheeran", is a musical artist.  The Defendant, Mr. Edward Sheeran, experienced a sharp and sudden rise as an international music star in less than eighteen (18) months as a direct result of the commercial success of *Thinking*, the lead single in the United States from Sheeran's debut album, "*X*".

### Defendants Infringed *Let's Get It On*

27.  The harmonic progressions, melodic and rhythmic elements, as observed in *Let's*, have made *Let's* one of the most well-known and instantly recognizable songs in R&B history.

28.  These elements of *Let's* composition are the "heart" or qualitatively, the most important elements, of the song.  Indeed, in the wake of the release of Thinking, there have been multiple instances in which third parties have independently highlighted the striking similarities and overt common elements of the two (2) works at issue—to wit, a case in point came when the popular R&B group known as Boyz II Men recently performed a medley of the two (2) songs together in Las Vegas on July 24, 2015, seguing seamlessly between the two (2) works, and then remarking that both the singers in Boyz II Men and, in fact, Ed Sheeran, himself—by singing Thinking—they were actually both singing "a Marvin Gaye" song.[1]

29.  Indeed, even Ed Sheeran, himself, has acknowledged the musical import of *Let's* as a forebear and/or musical foundation for *Thinking* and, purportedly, affirming to his audience his proverbial R&B "bona fides" by performing a medley of both songs/works in which he, too,

---

[1] **Said video footage of the pertinent event is currently available on YouTube.**

# A18

transitions seamlessly between *Thinking* and *Let's*.[2]

30. The Defendants copied the "heart" of *Let's* and repeated it continuously throughout *Thinking*—this incontrovertible musical similarity has been observed by music industry professionals previously, as embodied by various social media and articles about the matter and, notably, directly addressed in a featured article in the music industry publication, *Spin Magazine*.[3]

31. As such, there can be no legitimate question that the melodic, harmonic, and rhythmic compositions in *Thinking* are <u>not</u> the product of independent creation.

32. The melodic, harmonic, and rhythmic compositions of *Thinking* are <u>substantially and/or strikingly similar</u> to the drum composition from *Let's*.

33. The instant Defendants copied, reproduced, distributed, and/or publicly performed copyrightable elements of *Let's*, specifically, the melodic, harmonic, and rhythmic compositions of *Let's*, without authorization.

34. To date, each of the enumerated Defendants reproduced, distributed, publicly performed, and/or authorized the reproduction, distribution, and public performance of the infringing composition and sound recording *Thinking* and each of the Defendants continues to infringe *Let's*.

35. Upon reasonable information and belief, no one ever licensed the *Let's* melodic, harmonic, and rhythmic compositions to the Defendants, or any other aspect of the copyrighted/ copyrightable aspects of *Let's*.

---

[2] Said video footage of the performance is also publicly available on YouTube.
[3] In the wake of the much-publicized "Blurred Lines" verdict, the March 11, 2015 article by Mr. Andrew Unterberger takes the position that Mr. Sheeran's composition, as it related specifically to *Let's Get it On*, constituted an even greater infringement upon Marvin Gaye's revered body of work than that which was at issue in the aforementioned litigation.

**The Infringement by the Defendants is Willful**

36.  The Defendants were notified of the infringement on or about April 15, 2015 by electronic mail or telephone (the "Notice").

37.  Despite receiving the Notice the Defendants continued to exploit *Thinking* without permission to use the melodic, harmonic, and rhythmic compositions copied from *Let's*, the infringed work.

38.  Despite the Notice, all of the Defendants have continued to infringe Plaintiffs' copyrighted work.

39.  The infringement by the Defendants is willful, as evidenced by their continuing to infringe *Let's* after the Notice was provided to them.

40.  The Defendants knowingly and intentionally infringed upon Plaintiffs' rights.  The Defendants' collective knowledge and intent are established by, among other things, the fact that Defendants to this day have neither sought, nor obtained, a license from the Plaintiffs.  All conditions precedent to the maintenance and/or establishment of the instant action have been satisfied and/or, otherwise, waived by the Defendants.

### FIRST CAUSE OF ACTION
**(Copyright Infringement - 17 U.S.C. § 101, *et.seq.*)**

41.  The Plaintiffs repeat and reallege Paragraphs One (1) through Forty (40), as though fully set forth herein.

42.  The Defendants' reproduction, distribution, and public performances of the infringing work, *Thinking*, continue to this day, and Defendants have not deigned to compensate Plaintiffs for the use of the copyrighted work in *Let's* to be used for *Thinking*, despite the fact that they have received money and other substantial benefits from Plaintiffs' composition.

43.  The Defendants' reproduction, distribution, public performance of *Thinking*, and authorizing others to do the same, infringes Plaintiffs' exclusive rights under the Copyright Act.

44.  The conduct of the Defendants is knowing and willful.

45.  As a direct and/or proximate result of the Defendants' wrongful conduct, the Plaintiffs have been irreparably harmed, suffered damage, and Defendants have profited in an amount to be determined at trial.

**SECOND CAUSE OF ACTION**
**(Infringement of Copyright Claim for**
**Statutory Damages)**

46.  The Plaintiffs reallege and incorporate Paragraphs One (1) through Forty (40), and Forty-Two (42) through Forty-Five (45), as though fully set forth herein.

47.  The Defendants infringed Plaintiffs' exclusive copyright in "*Let's*" when they copied substantial parts of it.  Such copying was wholly unauthorized, as it was without any manner of license, consent, or authority from the Plaintiffs, the copyright owners.  By virtue of this unauthorized copying, the Defendants have realized illegal revenues.

48.  The Defendants infringed on Plaintiffs' exclusive copyright in "*Let's*" when the Defendants mechanically reproduced and released sound recordings, including compact discs and other phono-records embodying "*Thinking*".  Such reproduction and release was wholly unauthorized, as it was without any license or consent of authority from the Plaintiffs.  By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

49.  The Defendant, Warner Music Group Corporation, *d/b/a* Asylum Records, infringed on Plaintiffs' exclusive copyright in "*Let's*" when Defendants distributed and sold sound recordings, including compact discs, phono-records and video recordings, embodying "*Thinking*".  Such reproduction and release was wholly unauthorized, as it was without any

**A21**

license or consent of authority from the Plaintiffs.  By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

50.  The Defendants infringed Plaintiffs' exclusive copyright in "*Let's*" when they issued and/or authorized others to issue licenses to third parties for the use, publication, and exploitation of "*Thinking*".  Said licenses were issued without any consent or authority from Plaintiffs, the copyright owners of "*Let's*," from which "*Thinking*" was substantially copied.  By virtue of this unauthorized commercial exploitation, Defendants have realized illegal revenues.

51.  As a direct and/or proximate result of the Defendants' infringement on Plaintiffs' exclusive copyright in *Let's*, Plaintiffs have suffered damages.  Said injuries are continuing and will not abate in the future.

52.  Pursuant to 17 U.S.C. § 504 (c), the Plaintiffs are entitled to statutory damages.

53.  The above-chronicled actions of enumerated Defendants were committed willfully, and by reason thereof, in the event that Plaintiffs elect to recover statutory damages, they are entitled to an increase of the award to a sum of up to $150,000 pursuant to 17 U.S.C. § 504 (c)(2).

### THIRD CAUSE OF ACTION
**(False Designation of Origin Under the Lanham Act §43 (a),
15 U.S.C. §1125 (a)-Against all Defendants)**

54.  The Plaintiffs reallege and incorporate Paragraphs One (1) through Forty (40), Forty-Two (42) through Forty-Five (45), and Forty-Seven (47) through Fifty-Three (53), as though fully set forth herein.

55.  By distributing, marketing, and otherwise exploiting the Infringing Song in interstate commerce while giving themselves credit for the Plaintiffs' work, the Defendants have falsely

represented to the public that Defendants have independently created, and are authors of, *Thinking*.

56.  As a result, members of the public have been deceived and/or confused into believing that *Thinking* is the independent creation of the Defendants.  The Plaintiffs are seriously injured by such deception, in that it negatively impacts their ability to distribute, market, and otherwise exploit *Let's*.  This deception also has a negative impact on the Plaintiffs because they are not receiving the credit due for the success experienced by *Thinking*.

57.  By engaging in the wrongful conduct described herein and above, Defendants have violated Section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a) for False Designation of Origin. Because the Defendants have engaged in the conduct described herein with fraudulent intent, and with the actual knowledge of the harm being caused to the Plaintiffs by such wrongful conduct/acts, this is an exceptional case which merits an award of treble damages and attorney's fees against said Defendants.

58.  The Defendants' acts and conduct have caused, and will continue to cause, Plaintiffs great and irreparable injury that cannot be adequately compensated or measured in damages. Plaintiffs have no adequate remedy at law and will suffer immediate and irreparable loss, damage, and injury unless Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

<u>**FOURTH CAUSE OF ACTION**</u>
**("Reverse Passing Off" Under the Lanham Act §43(a), 15 U.S.C.**
**§1125 (a)- Against All Defendants)**

59.  The Plaintiffs reallege and incorporate paragraphs One (1) through Forty (40), Forty-Two (42) through Forty-Five (45), Forty-Seven (47) through Fifty-Three (53) and Fifty-Five (55) through Fifty-Eight (58), as though fully set forth herein.

60. The Defendants have appropriated and copied the original expression of *Let's*, without consent, credit, or compensation, by writing, performing, and recording *Thinking*.

61. As a result, members of the public have been deceived and/or confused into believing that *Thinking* is the independent creation of the Defendants. The Plaintiffs are seriously injured by such deception and misattribution, in that it negatively impacts their ability to distribute, market, and otherwise avail themselves of *Let's*.

62. By engaging in the wrongful conduct described herein and above, Defendants have violated section 43 (a) of the Lanham Act, 15 U.S.C. §1125 (a) for Reverse Passing Off. Because the Defendants have engaged in the conduct described herein with fraudulent intent, and with the actual knowledge of the harm being caused to the Plaintiffs by such wrongful conduct/acts, this is an exceptional case which merits and award of treble damages and attorney's fees against the Defendants.

63. The Defendants' aggregate acts and conduct have caused, and will continue to cause, the Plaintiffs great and irreparable injury that cannot be adequately compensated or measured in damages. The Plaintiffs have no adequate remedy at law and will suffer immediate and irreparable loss, damage, and injury unless the Defendants are restrained and enjoined from continuing to engage in such wrongful conduct.

**FIFTH CAUSE OF ACTION**
**(Unjust Enrichment-Against All Defendants)**

64. Plaintiffs reallege and incorporate Paragraphs One (1) through Forty (40), Forty-Two (42) through Forty-Five (45), Forty-Seven (47) through Fifty-Three (53), Fifty-Five (55) through Fifty-Eight (58) and Sixty (60) through Sixty-Three (63), as though fully set forth herein.

65.  By reason of the foregoing facts, the Defendants, and each of them, have become unjustly enriched at the expense of Plaintiffs by failing to license the right use *Let's* and by realizing monetary gain from their unauthorized use of *Let's*.

66.  The Defendants, and each of them, have been unjustly enriched in an amount which cannot be precisely ascertained at this time, but will be ascertained according to proof at trial.

**SIXTH CAUSE OF ACTION**
**(Demand for Accounting-Against All Defendants)**

67.  The Plaintiffs reallege and incorporate Paragraphs One (1) through Forty (40), Forty-Two (42) through Forty-Five (45), Forty-Seven (47) through Fifty-Three (53), Fifty-Five (55) through Fifty-Eight (58), Sixty (60) through Sixty-Three (63), Sixty-Five (65) and Sixty-Six (66), as though fully set forth herein.

68.  As explicated herein above, the Plaintiffs have an interest in all of the money that is generated from the distribution and any other exploitation of *Thinking* in that they are the copyright owners of *Let's*.   Moreover, Plaintiffs have an interest in any future exploitation of *Thinking* and any royalties which result from any such future exploitation.

69.  The Plaintiffs are informed and believe that Defendants have generated an undetermined—yet substantial—amount of money, due to the commercial success of *Thinking* and the *X* album through sales, distribution, promotion, circulation, and other exploitation of *Thinking*.

70.  The amount of money/proceeds due from the Defendants is unknown to Plaintiffs and cannot be ascertained without an accounting of all of the Defendants' financial records related to *Thinking*.

71.  As a result of the Defendants' actions, Plaintiffs have been damaged in an amount to be proven after an accounting has been conducted. Accordingly, Plaintiffs hereby request that the

Court order an accounting of all of Defendants' financial records related to *Thinking* in order to determine the sums rightfully due to Plaintiffs and that those sums be paid to them.

**SEVENTH CAUSE OF ACTION**
**(Preliminary and Permanent Injunction)**

72.   The Plaintiffs repeat and reallege Paragraphs One (1) through Forty (40), Forty-Two (42) through Forty-Five (45), Forty-Seven (47) through Fifty-Three (53), Fifty-Five (55) through Fifty-Eight (58), Sixty (60) through Sixty-Three (63), Sixty-Five (65) and Sixty-Six (66) and Sixty-Eight(68) through Seventy-One (71), as though fully set forth herein.

73.   The Plaintiffs have a likelihood of eventual success in this litigation.

74.   The Plaintiffs will suffer irreparable harm if injunctive relief is not granted by this Court.

75.   The Defendants' unauthorized distributions of Plaintiffs' intellectual property are causing irreparable harm to the instant Plaintiffs.

**DEMAND FOR JURY TRIAL**

76.   The Plaintiffs, respectfully, request a trial by jury on all claims asserted in this Complaint.

**WHEREFORE**, the Plaintiffs, collectively, respectfully request that judgment be entered against the enumerated Defendants, as follows:

A. For judgment that Defendants have violated the Copyright Act and that all such violations have been willful; and

B. For judgment entering a preliminary and permanent injunction (and waiver of bond) enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from infringing Plaintiffs exclusive rights under the Copyright Act by reproducing, distributing and publicly performing *Thinking*, and authorizing others to the same; and

C. For judgment assessing Defendants for the damages suffered by Plaintiffs, including an award of actual damages and Defendants' profits attributable to the infringement, or statutory damages (at Plaintiffs' election) under the Copyright Act, as well as costs and

attorney's fees to the full extent provided for by Sections 501, 504 and 505 of the Copyright Act, 17 U.S.C. §§ 501, 504 and 505; and

D. For a judgment directing that Defendants deliver up for destruction to Plaintiffs all copies of *Thinking* in their possession or under their control, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503; and

E. For judgment granting such other, further, and different relief as to the Court may seem just and proper, including Plaintiffs' costs and reasonable attorneys' fees.

**DATED:**   June 24th, 2017

> **FRANK & RICE, P.A.**
> **Attorneys for Plaintiffs**
>
> By: _____
>    Patrick R. Frank, Esq.
>    Florida Bar Number:  0642770
>    Keisha D. Rice, Esq.
>    Katherine L. Viker, Esq.
>    Frank & Rice, P.A.
>    325 West Park Avenue
>    Tallahassee, Florida  32301
>    Telephone: (850) 629-4168
>    Facsimile:  (850) 629-4184
>    Attorney(s) for Plaintiffs

Donald S. Zakarin
dzakarin@pryorcashman.com
Ilene S. Farkas
ifarkas@pryorcashman.com
Andrew M. Goldsmith
agoldsmith@pryorcashman.com
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036-6569

*Attorneys for Defendants Edward Christopher Sheeran,*
*p/k/a Ed Sheeran, Atlantic Recording Corporation, d/b/a*
*Atlantic Records, and Sony/ATV Music Publishing LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHRYN TOWNSEND GRIFFIN, HELEN MCDONALD, and THE ESTATE OF CHERRIGALE TOWNSEND,<br><br>     *Plaintiffs*,<br><br>    -against-<br><br>EDWARD CHRISTOPHER SHEERAN, p/k/a ED SHEERAN, ATLANTIC RECORDING CORPORATION, d/b/a ATLANTIC RECORDS, SONY/ATV MUSIC PUBLISHING, LLC, and WARNER MUSIC GROUP CORPORATION, d/b/a ASYLUM RECORDS<br><br>     *Defendants*. | ECF CASE<br><br>17-cv-5221 (RJS)<br><br>**ANSWER** |

Defendants Edward Christopher Sheeran, p/k/a Ed Sheeran ("Sheeran"), Atlantic

Recording Corporation, d/b/a Atlantic Records ("Atlantic"), and Sony/ATV Music Publishing

LLC ("SATV," together with Sheeran and Atlantic, the "Defendants"), respond to the Complaint

dated June 24, 2017 (the "Complaint") of plaintiffs Kathryn Townsend, Helen McDonald and the

Estate of Cherrigale Townsend (collectively, the "Plaintiffs") and state as follows:

1.      Deny the allegations set forth in Paragraph 1 of the Complaint and any allegations of infringement, except admit that Plaintiffs purport to bring an action for copyright infringement, that Amy Wadge ("Wadge") and Edward Christopher Sheeran ("Sheeran") are the credited authors of the musical composition Thinking Out Loud ("TOL"), that Sheeran recorded the sound recording "TOL," and deny knowledge or information sufficient to form a belief as to whether Plaintiffs own any rights in the composition Let's Get It On ("LGO").

2.      Aver that the allegations set forth in Paragraph 2 of the Complaint contain legal conclusions to which no response is required; to the extent a response is required, deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Plaintiffs purport to base jurisdiction on the statutes alleged therein.

3.      Aver that the allegations set forth in Paragraph 3 of the Complaint contain legal conclusions to which no response is required; to the extent a response is required, deny the allegations set forth in Paragraph 3 of the Complaint except as to aver that Atlantic and SATV do not contest this Court's personal jurisdiction over them for purposes of this Action.

4.      Aver that the allegations set forth in Paragraph 4 of the Complaint contain legal conclusions to which no response is required; to the extent a response is required, deny the allegations set forth in Paragraph 4 of the Complaint and, as to Sheeran, deny that he targeted any activities in and to the State of New York or to New York residents.

5.      Admit that Sheeran has performed "TOL" in New York, but otherwise deny the allegations set forth in Paragraph 5 of the Complaint.

6.      Deny the allegations set forth in Paragraph 6 of the Complaint.

7.       Admit that Defendants have generated revenues from the exploitation of "TOL" in the United States, including New York, but otherwise deny the allegations set forth in Paragraph 7 of the Complaint, including but not limited to any allegations of infringement.

8.       Aver that the allegations set forth in Paragraph 8 of the Complaint contain legal conclusions to which no response is required; to the extent a response is required, deny the allegations set forth in Paragraph 8 of the Complaint.

9.       Deny the allegations set forth in Paragraph 9 of the Complaint.

10.      Deny any allegations of infringement and deny any basis for personal jurisdiction exists over any "Defendants primarily based out of the U.K."

11.      Aver that the allegations set forth in Paragraph 11 of the Complaint contain legal conclusions to which no response is required; to the extent a response is required, deny the allegations set forth in Paragraph 11 of the Complaint as they pertain to Defendants, except admit that Plaintiffs purport to base venue on the statutes alleged therein.

12.      Deny knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 12 of the Complaint.

13.      Deny the allegations of Paragraph 13 of the Complaint, except admit that Sheeran is a musician, singer, songwriter and producer who has won various Grammy awards and has performed his music in New York and throughout the world at various times and has not targeted his activities to New York State or to residents of New York State.

14.      Admit that Atlantic has exploited TOL in the United States, admit that Atlantic is a Delaware corporation with a place of business in the State of New York, but otherwise deny the allegations set forth in Paragraph 14 of the Complaint.

15.      Admit that SATV is a subpublisher for TOL in the United States, has exploited TOL in the United States, and is a Delaware limited liability company with a place of business in the State of New York, but otherwise deny the allegations set forth in Paragraph 15 of the Complaint, specifically including the allegation that SATV is the music publisher or subpublisher in the United States for LGO.

16.      In response to Paragraph 16, Warner Music Group Corp. has been dismissed from this action and, accordingly, no response is necessary.

17.      Deny knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 17 of the Complaint.

18.      Deny the allegations set forth in Paragraph 18 of the Complaint.

19.      Deny knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 19 of the Complaint, including what Plaintiffs mean by a "famous song" and refer the Court to the relevant charts for the true and complete contents thereof.

20.      Deny the allegations set forth in Paragraph 20 of the Complaint and the legal conclusions stated therein.

21.      Admit that the recording of TOL was released commercially on or about September 24, 2014, admit that certain of the Defendants exploited the recorded version of TOL and certain of the Defendants exploited the composition TOL in the United States since that time, but otherwise deny the allegations set forth in Paragraph 21 of the Complaint.

22.      Deny the allegations set forth in Paragraph 22 of the Complaint and respectfully refer the Court to the relevant charts referenced therein for the true and complete contents thereof.

23.      Deny knowledge or information sufficient to form a belief regarding the allegations set forth in Paragraph 23 of the Complaint, deny that the success of either the recorded version of

TOL or the success of the composition TOL in any country other than the United States has any pertinence to any claim in this action which is for alleged infringement of the United States copyright in LGO in the United States and respectfully refer the Court to the relevant charts referenced therein for the true and complete contents thereof.

24.     Admit that Atlantic and SATV have issued certain licenses, including master use licenses and synchronization licenses, respectively, for TOL in the United States but otherwise deny the allegations set forth in Paragraph 24 of the Complaint as they pertain to Defendants.

25.     Admit that as of the date of this Answer, according to YouTube, the music video for TOL has been viewed over 1 billion times on YouTube, but otherwise deny the allegations set forth in Paragraph 25 of the Complaint and respectfully refer the Court to the website referenced therein for the true and complete contends thereof.

26.     Admit that Sheeran is a successful musical artist but otherwise deny the allegations set forth in Paragraph 26 of the Complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint and aver that the musical elements alleged as to LGO were not unique, original or protectable by the authors and/or owners of the United States copyright in LGO.

28.     Deny the allegations set forth in the first sentence of Paragraph 28 of the Complaint; deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remainder of Paragraph 28 of the Complaint.

29.     Admit that Sheeran publicly performed TOL and LGO, but otherwise deny the allegations set forth in Paragraph 29 of the Complaint.

30.     Deny the allegations set forth in Paragraph 30 of the Complaint.

31.     Deny the allegations set forth in Paragraph 31 of the Complaint.

32.     Deny the allegations set forth in Paragraph 32 of the Complaint.

33.     Deny the allegations set forth in Paragraph 33 of the Complaint.

34.     Deny the allegations set forth in Paragraph 34 of the Complaint.

35.     Admit that Defendants did not license LGO in connection with their exploitation of TOL, but expressly deny that any such license is or was required.

36.     Deny the allegations set forth in Paragraph 36 of the Complaint, and respectfully refer the Court to all actual and relevant correspondence for its true and correct contents.

37.     Deny the allegations set forth in Paragraph 37 of the Complaint.

38.     Deny the allegations set forth in Paragraph 38 of the Complaint.

39.     Deny the allegations set forth in Paragraph 39 of the Complaint.

40.     Deny the allegations set forth in Paragraph 40 of the Complaint.

41.     In response to Paragraph 41 of the Complaint, repeat and reallege the foregoing Paragraphs 1 through 40 set forth above as if fully set forth herein.

42.     Admit that Defendants have exploited TOL in the United States and have not compensated Plaintiffs, because no compensation is warranted or required, and otherwise deny the allegations set forth in Paragraph 42 of the Complaint.

43.     Deny the allegations set forth in Paragraph 43 of the Complaint.

44.     Deny the allegations set forth in Paragraph 44 of the Complaint.

45.     Deny the allegations set forth in Paragraph 45 of the Complaint.

46.     In response to Paragraph 46 of the Complaint, repeat and reallege the foregoing Paragraphs 1 through 40 and 42 through 45 set forth above as if fully set forth herein.

47.     Deny the allegations set forth in Paragraph 47 of the Complaint.

48.     Deny the allegations set forth in Paragraph 48 of the Complaint.

49.     In response to Paragraph 49, Warner Music Group has been dismissed from this action and, accordingly, no response is necessary. .

50.     Deny the allegations set forth in Paragraph 50 of the Complaint.

51.     Deny the allegations set forth in Paragraph 51 of the Complaint.

52.     Deny the allegations set forth in Paragraph 52 of the Complaint.

53.     Deny the allegations set forth in Paragraph 53 of the Complaint.

54.     In response to Paragraph 54 through and including Paragraph 66, Defendants respond that Plaintiffs have dismissed the Third, Fourth and Fifth Claims in the Complaint voluntarily, and accordingly, these paragraphs of the Complaint having been dismissed, no response is necessary.

55.     In response to Paragraph 67 of the Complaint, repeat and reallege the foregoing Paragraphs 1 through 40, 42 through 45, 47 through 53 and 54 set forth above as if fully set forth herein.

56.     Deny the allegations set forth in Paragraph 68 of the Complaint.

57.     Admit that Defendants have generated revenues from their exploitation of TOL in the United States, but otherwise deny the allegations set forth in Paragraph 69 of the Complaint.

58.     Deny the allegations set forth in Paragraph 70 of the Complaint.

59.     Deny the allegations set forth in Paragraph 71of the Complaint.

60.     In response to Paragraph 72 of the Complaint, repeat and reallege the foregoing Paragraphs 1 through 40, 42 through 45, 47 through 53, 54 and 56 through 59 set forth above as if fully set forth herein.

61.     Deny the allegations set forth in Paragraph 73 of the Complaint.

62.     Deny the allegations set forth in Paragraph 74 of the Complaint.

63.     Deny the allegations set forth in Paragraph 75 of the Complaint.

64.     In response to Paragraph 75, admit that Plaintiffs have requested a trial by jury but deny their right to one to the extent their claims sound in equity.

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations set forth in the Complaint and without admitting or suggesting that Defendants bear the burden of proof on any of the following defenses, as separate and independent affirmative defenses, Defendants state as follows:

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

65.     The Complaint, and each claim set forth therein, fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

66.     Plaintiffs' claims are barred, in whole or in part, by documentary evidence.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

67.     Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

68.     The Sixth and Seventh Claims are preempted by Section 301 of the US Copyright Act.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

69.     Plaintiffs' claims are barred, in whole or in part, under the applicable statutes of limitation.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

70.     The request for injunctive relief must be rejected because Plaintiffs have an adequate remedy at law, they cannot establish irreparable harm, they cannot establish a likelihood of success on the merits, and they cannot establish that the equities balance in their favor.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

71.     Plaintiffs' claims are barred, in whole or in part, under the doctrine of laches.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

72.     Plaintiffs' claims are barred, in whole or in part, because they failed to mitigate their damages, if any.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

73.     Plaintiff have failed to join necessary and/or indispensable parties.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

74.     The Complaint is barred, in whole or in part, because the alleged use, which is not admitted, was a fair use under 17 U.S.C. § 107.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

75.     The Complaint is barred because TOL was created independently.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

76.     The Complaint is barred because the alleged use, which is not admitted, is *de minimis*.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

77.     The Complaint is barred because LGO and TOL are not substantially similar.

# A36

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

78.    The Complaint is barred because the elements of LGO that TOL allegedly infringe are not protectable and are not original.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

79.    The Complaint is barred because Plaintiffs lack standing.

## RESERVATION

80.    Defendants reserve the right to assert additional affirmative defense in the event that a further investigation or discovery in this action reveals them to be proper.

**WHEREFORE**, Defendants respectfully request that the Complaint be dismissed in its entirety and that Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: New York, New York
　　　 September 18, 2017

　　　　　　　　　　　　　　　　PRYOR CASHMAN LLP

　　　　　　　　　　　　　　　　By:*/s/ Donald S. Zakarin*_____
　　　　　　　　　　　　　　　　　　　Donald S. Zakarin
　　　　　　　　　　　　　　　　　　　dzakarin@pryorcashman.com
　　　　　　　　　　　　　　　　　　　Ilene S. Farkas
　　　　　　　　　　　　　　　　　　　ifarkas@pryorcashman.com
　　　　　　　　　　　　　　　　　　　Andrew M. Goldsmith
　　　　　　　　　　　　　　　　　　　agoldsmith@pryorcashman.com
　　　　　　　　　　　　　　　　7 Times Square
　　　　　　　　　　　　　　　　New York, New York 10036-6569
　　　　　　　　　　　　　　　　Telephone:  (212) 421-4100

　　　　　　　　　　　　　　　　*Attorneys for Defendants Edward*
　　　　　　　　　　　　　　　　*Christopher Sheeran, p/k/a Ed Sheeran,*
　　　　　　　　　　　　　　　　*Atlantic Recording Corporation, d/b/a*
　　　　　　　　　　　　　　　　*Atlantic Records, and Sony/ATV Music*
　　　　　　　　　　　　　　　　*Publishing LLC*

Harper/Harper S1 SCAN 17/9/19 A99K019803420 5619 Case 1:17-cv-05221-RJS   Document 29   Filed 09/26/17   Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN,
HELEN McDONALD, the
Estate of CHERRIGALE TOWNSEND,

Plaintiffs,

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/9/17

vs.                              CASE NO:          1:17-CV-05221

**CASE MANAGEMENT
AND SCHEDULING
ORDER**

EDWARD CHRISTOPHER SHEERAN, *p/k/a*
ED SHEERAN, *et.al.*,

Defendants.
_____/

**RICHARD J. SULLIVAN,** District Judge:

Pursuant to Rules 16-26(f) of the Federal Rules of Civil Procedure, the Court hereby

adopts the following Case Management and Scheduling Order.

1. All Parties do not consent to disposition of this case by a Magistrate, pursuant to Title 28 of the United States Code, Section 636(c).

2. This case is to be tried by a jury.

3. No additional Parties may be joined except with leave of the Court.

4. Amended pleadings may not be filed except with leave of the Court.

5. Initial disclosures pursuant to Rule 26(a)(1) shall be completed no later than October 20, 2017.

Case 1:17-cv-05221-RJS   Document 29   Filed 09/26/17   Page 2 of 4

6.  All fact discovery to be completed no later than March 15, 2018.[1]

7.  The Parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the Parties on consent without application to the Court, provided that the Parties meet the deadline for completing fact discovery set forth in Paragraph Six (6) herein above.

    a.  Initial requests for production of documents shall be served by October 27, 2017.

    b.  Initial Interrogatories, if any, shall be served by October 27, 2017.

    c.  Depositions shall be completed by March 15, 2018.

        i.  Absent an agreement between the Parties or an Order from the Court, depositions are not be held until all Parties have responded to initial requests for document production.

        ii.  There is no priority in deposition by reason of a party's status as a Plaintiff or a Defendant.

        iii.  Absent an agreement between the Parties or an Order from the Court, non-party depositions shall follow initial party depositions.

    d.  Requests to Admit, if any, shall be served no later than January 15, 2018.

8.  All expert disclosures, including reports as required by Rule 26 shall be completed pursuant to the following deadlines:

    a.  Expert(s) of Plaintiff(s):  Report(s) of Musicologist Expert—November 6, 2017
                    All other experts—April 16, 2018

    b.  Expert(s) of Defendant(s):  Report(s) of Musicologist Expert—December 6, 2017
                    All other experts—May 15, 2018

9.  All discovery shall be completed no later than June 15, 2018.

10. The Court will conduct a post-discovery conference on ___June 29, 2018 at 10:00am___
*[To be completed by the Court].*

11. If either Party contemplates a motion, the post-discovery conference will function as a pre-motion conference. Pre-motion letters are to be submitted by ___June 15, 2018___

---

[1] By virtue of the fact that Mr. Sheeran resides outside of the United States and currently is on tour, the Parties stipulate that the provision of an additional sixty (60) days to be added to the discovery period shall help to facilitate necessary discovery.

Case 18-1862, Document 24, 08/30/2018, 2379713, Page43 of 94
**A39**

Case 1:17-cv-05221-RJS    Document 32    Filed 10/09/17    Page 3 of 4
Case 1:17-cv-05221-RJS    Document 29    Filed 09/26/17    Page 3 of 4

*[To be completed by the Court].* Pursuant to Rule 2.A of the Court's Individual Practices, responses to pre-motion letters are to be submitted within three (3) business days from the date of submission of the initial pre-motion letter. Pre-motion letters and responses shall be submitted pursuant to Rule 1.A of the Court's Individual Practices.

12. If neither Party contemplates a dispositive motion, the post-discovery conference will function as a pre-trial conference at which a trial date will be set.

13. Counsel for the Parties request a settlement conference before a Magistrate Judge of the Southern District's Mediation Program and request:

    a.   _____ Referral to a Magistrate Judge for settlement discussions;
    b.   ____X____ Referral to the Southern District's Mediation Program.[2]

~~The Parties are to contact _____ by _____~~

*[To be completed by the Court after consultation with the Parties].*

14. Parties have conferred and their present best estimate of the length of trial is five (5) to seven (7) days.

15. In the case of a discovery dispute, unless otherwise directed, Parties should describe their discovery disputes in a single letter, jointly composed, not to exceed five (5) pages. Separate and successive letters will not be read. Strict adherence to the Federal Rules of Civil Procedure, Rule 37(a)(1), the "meet and confer" rule, is required and should be described in the joint submission as to time, place, and duration, naming the counsel involved in the discussion. The joint letter shall describe concisely the issues in dispute and the respective position of each party, citing the applicable authority that the respective Parties claim for support. As a general matter, affidavits or exhibits are not permitted in connection with discovery dispute letter without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the Parties shall attach that request. If an opposing Party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within seventy-two (72) hours of a Party's request, a Party may submit a letter without the opposing Party's contribution and shall attach a copy of the correspondence seeking the opposing Party's contribution.

---

[2] The Parties do not wish to engage in the Mediation Program until Musicologist Reports have been exchanged in accordance with Item No. 8 above.

Case 18-1862, Document 24, 08/30/2018, 2379713, Page44 of 94

**A40**

Case 1:17-cv-05221-RJS   Document 32   Filed 10/09/17   Page 4 of 4
Case 1:17-cv-05221-RJS   Document 29   Filed 09/26/17   Page 4 of 4

16. No request for an extension of the deadlines set forth in Paragraphs Six (6), Eight (8) and Nine (9) shall be granted unless the Parties seeking the extension show good cause for the extension and specifically explain (1) what discovery has already been completed, (2) what discovery remains to be done, and (3) why the Parties were unable to comply with the preexisting deadlines. As a general matter, the Court will not adjourn a deadline by more than the number of days remaining from the time of the request to the original deadline. (For example, if at the time of the request there are twenty (20) days left before the deadline, the Court will not adjourn the deadline more than twenty (20) days.).

**SO ORDERED.**

DATED this _6ᵗʰ_ day of _October_, 2017

       New York, New York

 

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

Harper/Harper S1 SCAN '18/3/13 A09K010005420 10058
Case 1:17-cv-05221-RJS   Document 38   Filed 03/13/18   Page 1 of 2

**THE LAW OFFICES OF FRANK & RICE, P.A.**

*A Professional Association*

**325 West Park Avenue**

**Tallahassee, Florida  32301**

**Telephone:  (850) 629-4168**

**Facsimile:  (850) 629-4184**

MEMO ENDORSED

March 13, 2018

The Honorable Richard J. Sullivan
United States District Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York  10007        *conveyed via Electronic Transmission*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/14/18

> Re:   *Katherine Townsend Griffin, et.al. v. Edward Christopher Sheeran,*
> *et.al.; Case Number:  1:17-CV-05221 (RJS)*

Dear Judge Sullivan:

Our law firm represents the Plaintiffs, Katherine Townsend Griffin, Helen McDonald, and the Estate of Cherrigale Townsend, in connection with the above-styled litigation.  Pryor Cashman, LLP represents all of the Defendants, Edward Christopher Sheeran, Sony/ATV, and Atlantic Records in this case.  We jointly submit this letter with counsel(s) for the Defendants in accordance with Your Honor's Individual Rule 1(C) to request an extension of the existing fact discovery schedule, currently set to conclude on March 15, 2018, until March 28, 2018.

To date, the Parties have been diligently engaged in discovery.  Plaintiffs have taken the depositions of Mr. Sheeran and a representative of Sony/ATV, and they have provided over 100 pages of responsive documents.  Defendants have appeared for the aforementioned depositions, and they have produced close to 2000 pages of responsive documents, with additional documents to be produced

Case 18-1862, Document 24, 08/30/2018, 2379713, Page46 of 94
**A42**

Case 1:17-cv-05221-RJS   Document 39   Filed 03/14/18   Page 2 of 2
Case 1:17-cv-05221-RJS   Document 38   Filed 03/13/18   Page 2 of 2

imminently.  However, notwithstanding their diligent efforts to date, and owing to the schedules of the parties and counsel (Ms. Griffin has been out of the country for the better part of the last month to the birth of her grandchild), the parties require a brief extension of time—13 days—to complete fact discovery, until March 28, 2018.  To that end, Ms. Griffin and Ms. McDonald have agreed to appear for their depositions on March 23, 2018, and the parties are working to confirm the deposition of a representative of Atlantic for the same date.

Thus, the respective parties herein, respectfully, request the extension of fact discovery, until March 28, 2018

Under the new schedule, as contemporaneously proposed, it is not believed that it will be necessary for any other aspect of the discovery and/or trial schedule to be changed or altered.

This is the first time that the parties herein have requested any adjournment or extension of time.

Respectfully Submitted:

/s/ Patrick R. Frank, Esq.                    /s/ Donald Zakarin, Esq.
Patrick R. Frank, Esq.                        Donald Zakarin, Esq.
Frank & Rice, P.A.                            Pryor Cashman
325 West Park Avenue                          7 Times Square
Tallahassee, Florida  32301                   New York, New York  10036
Telephone:  (850) 629-4168                    Telephone:  (212) 421-4100
Facsimile:  (850) 629-4184                    dzakarin@pryorcashman.com
lawatf@aol.com
Attorney(s) for Plaintiffs                     Attorney(s) for Defendants

The parties' joint request to extend the deadline for fact discovery to March 28, 2018 is GRANTED.  All other deadlines set forth in the Court's October 9, 2017 scheduling order (Doc. No. 32) remain unchanged.

SO ORDERED
Dated:  3/14/18

RICHARD J. SULLIVAN
U.S.D.J.

2

Case 18-1862, Document 24, 08/30/2018, 2379713, Page47 of 94

**A43**

Case 1:17-cv-05221-RJS   Document 42   Filed 03/22/18   Page 1 of 1
Case 1:17-cv-05221-RJS   Document 41   Filed 03/22/18   Page 1 of 1



# PRYOR CASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806

www.pryorcashman.com

**Donald S. Zakarin**
Partner
Direct Tel: 212-326-0108
Direct Fax: 212-798-6306
dzakarin@pryorcashman.com

March 22, 2018

**VIA ECF**

Hon. Richard J. Sullivan
United States District Judge
40 Foley Square
New York, NY 10007

> USDS SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:
> DATE FILED: 3/22/18

Re: <u>Griffin, et. al. v. Sheeran, et. al., No. 17-cv-5221(RJS)</u>

Dear Judge Sullivan:

We are counsel to the Defendants in the above-referenced action. At the request of Plaintiffs' counsel, we write to Your Honor to request one further extension of time, until April 27, 2018, to complete the depositions of plaintiff Kathryn Townsend Griffin, plaintiff Helen McDonald and defendant Atlantic Recording Corporation.

On March 13, 2018, the Parties jointly requested a 13-day extension to complete fact discovery (from March 15, 2018 until March 28, 2018), and advised that the depositions would be conducted on March 23, 2018. Unfortunately, on Tuesday evening, March 20, 2018, Plaintiffs' counsel contacted us and advised that, due to the impending snowstorm, their flights had been cancelled and they were unable to reschedule their flights for after the storm passed. Further, they have advised that the earliest date they and their clients will be available to travel to New York again is the week of April 23.

Accordingly, the Parties respectfully request that the Court extend the deadline to complete the aforementioned depositions until April 27, 2018. The existing deadlines for all other discovery shall remain the same.

Respectfully submitted,

*/s/ Donald S. Zakarin*

cc:   Counsel of Record (via ECF)

MEMO ENDORSED

SO ORDERED
Dated:
3/22/18

RICHARD J. SULLIVAN
U.S.D.J.

# Hillel I. Parness

(Cell) 646-526-8261 • (Office) 212-447-5299 • (Fax) 646-722-3301
Parness Law Firm, PLLC • www.hiplaw.com • hip@hiplaw.com
136 Madison Avenue, 6th Floor • New York, New York 10016

May 10, 2018                                                                                     **VIA ECF**

Hon. Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *Griffin, et al. v. Sheeran, et al.*, 1:17-cv-05221 (RJS) (AJP)

Dear Judge Sullivan:

I am counsel to Structured Asset Sales, LLC ("SAS"), which seeks to intervene as an additional plaintiff in this matter. In accordance with Rule 2.A. of Your Honor's Individual Rules and Practices, I am submitting this pre-motion letter in connection with SAS's motion to intervene.

SAS is the beneficial owner of a one-third interest in the writer's share of the copyright rights to the works of Edward Townsend Jr., including those arising from the copyrighted work "Let's Get it On" (the "Work"), which is at issue in this matter. The remaining rights to the writer's share of the Work are held by members of the Marvin Gaye family. These facts are not in dispute. Indeed, Defendants pled that "Plaintiff have failed to join necessary and/or indispensable parties" as an Affirmative Defense. ECF 23 ¶ 73. In view of the status of the case, SAS respectfully seeks to intervene on the following basis:

(i)      SAS will intervene immediately;

(ii)     SAS's claims, which are substantively identical to those of the existing Plaintiffs, should relate back to the same date as the claims already in the case;

(iii)    All deadlines regarding fact discovery to remain unchanged;

(iv)    All deadlines regarding expert discovery to remain unchanged with the following exception: To the extent that a date by which certain categories of experts were required to be disclosed has passed, SAS should be allowed to immediately disclose its own expert(s) if it so chooses, and to serve any reports of said expert(s) within one week of intervention. Defendants should have as much additional time as they require, if any, to deal with any such additional expert reports.

Prior to the submission of this pre-motion letter, we contacted counsel for the parties.  Plaintiffs' counsel has no objection to the proposed motion.  Over the last several days, Defendants' counsel and I have been discussing the contours of SAS's proposed intervention, but in the end Mr. Zakarin has indicated that Defendants will oppose it.  For the reasons set forth below, upon which we are prepared to elaborate, we believe that the motion should be granted.

Fed. R. Civ. P. 24 allows intervention of right under subsection (a), and permissive intervention under subsection (b):

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:….(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

> (b) Permissive Intervention.

>> (1) *In General.* On timely motion, the court may permit anyone to intervene who:…(B) has a claim or defense that shares with the main action a common question of law or fact.

>> ….

>> (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

It is SAS's position that both standards – intervention as of right and permission intervention – are satisfied here.

As Your Honor explained,

> an intervener must show that: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject matter of the action; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party.

*In re Tribune Co. Fraudulent Conveyance Litigation*, 291 F.R.D. 38, 41 (S.D.N.Y. 2013) (*quoting Restor–A–Dent Dental Labs., Inc. v. Cert'd Alloy Products, Inc.*, 725 F.2d 871, 874 (2d Cir. 1984)).  As discussed above, factor (2) is satisfied by SAS's beneficial

ownership interest in the Work.  Factor (3) is also satisfied – this case will determine whether the defendants infringed upon the Work, and the answer to that question will have ramifications of one kind or another on the remaining owners of the rights in the Work.  Factor (4) also favors intervention.  Although the current plaintiffs are aligned in most respects with SAS, if SAS is not allowed to intervene, and its separate counsel to participate, the risk remains that the case will generate results that do not satisfy SAS.  The only real question – as in *Tribune* – is timeliness:

> Beyond chronology, a court should consider: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness."

*In re Tribune*, 291 F.R.D. at 41 (*quoting United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)).

The timeliness factors are also all satisfied.  The case was filed in July 2017 (ECF 1), but the Case Management Order was not issued until October (ECF 32), and the case was immediately referred to mediation (ECF 33).  According to the docket, a mediation session was held in January 2018 (note between ECF 37 & 38), and in March 2018 the parties twice asked for additional time to complete fact discovery, which the Court granted (ECF 39 & 42).  Assuming everything went as scheduled, fact discovery closed with the completion of the remaining depositions on April 27, 2018.  SAS has no wish to reopen fact discovery, but to join the case in progress as it stands, moving forward with the other parties into expert discovery, only as modified above to allow SAS to introduce its own experts if it so chooses.

Thus, timeliness Factor 1 is satisfied because there were no entries on the docket between January 23 (between ECF 37 & 38, noting that the mediation had occurred) and March 13 (ECF 38, the first request for extension of deadlines).  SAS now moves less than two months later to join the case.[1]  Timeliness Factor 2 is satisfied because SAS does not wish to reopen fact discovery, but rather join the existing plaintiffs' case alongside them, leading to no prejudice to the defendants.  Timeliness Factor 3 is satisfied as well – if the motion is denied SAS will have to commence an entirely new action and, among other things, redo all of the

---

[1] These two months included the time that SAS spent trying to find counsel both willing and able to take on this matter, as well as the time that the undersigned spent getting up to speed on the matter once he and SAS made contact, and reaching out to the parties to seek their consent.

discovery that has already been conducted here – this would prejudice SAS <u>and</u> defendants, as well as unnecessarily burden the judicial system.  As for timeliness Factor 4, no special circumstances appear to exist here that would dictate a different result than the other factors.

The standards for permissive intervention are also satisfied, as Mag. Judge Francis decided in a factually similar case in 2007, using an approach similar to the test for intervention as of right:

> First, Ms. Mason has a direct interest in the purported copyright infringement because she claims to be the sole author of the Composition and the owner of its copyright....There are common questions of law because Ms. Mason raises the same copyright infringement claims against the defendant Universal Music Group, Inc. as do the plaintiffs….

> Second, there is no reason to believe that Ms. Mason's concerns are coextensive with those of the plaintiffs such that her interests would be adequately represented by plaintiffs' counsel….

> Finally, intervention by Ms. Mason should not impede the progress of the litigation. A plaintiff bringing a copyright infringement claim must prove ownership of a valid copyright in the allegedly infringed-upon work….As the plaintiffs and defendants were engaged in discovery focusing on these factors, Ms. Mason's intervention should not require extensive additional discovery….

*Jamie Music Publishing Co. v. Roc-A-Fella Records, LLC*, No. 05 Civ.9922, 2007 WL 1129333, *2-3 (S.D.N.Y. 2007).  To be sure, the disputed ownership issue in *Jamie Music* contributed to the court's conclusion that intervention was appropriate, but SAS's case for intervention is even more straightforward and simple.  All of the parties agree that SAS is a beneficial owner of a portion of the work at issue, and SAS does not want to reopen, interrupt or slow the progress of the case. Intervention – whether of right or permissive – should be granted.

There is one final issue that I wish to bring to the Court's attention, as Mr. Zakarin raised it with me yesterday.  From July through November 2014, and again from February through April 2016, I worked at Warner Music Group in a temporary capacity as Acting/Interim Head of Litigation.  In that role I supervised litigations with which WMG and its affiliated companies were involved.  The *Griffin* matter, however, was not filed until after I left WMG (the original case was filed in August 2016 and terminated in February 2017, and the current case was filed in July 2017). I do not believe that my past work with WMG presents any conflict issues of any kind, but I am of course happy to provide whatever additional information the

Court or counsel require to satisfy any concerns they may have.

Respectfully submitted,

Hillel I. Parness



**P**RYOR **C**ASHMAN LLP

New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806          www.pryorcashman.com

**Donald S. Zakarin**
**Partner**
Direct Tel: 212-326-0108
Direct Fax: 212-798-6306
dzakarin@pryorcashman.com

May 11, 2018

**<u>VIA ECF</u>**

Hon. Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY  10007

        Re:  <u>Griffin, et al. v. Sheeran, et al., 17-cv-5221 (RJS)</u>

Dear Judge Sullivan:

        We represent all of the named Defendants in the above- referenced case.  I write in response to Mr. Parness's May 10, 2018 letter on behalf of Structured Asset Sales, LLC ("SAS"), which claims to have a fractional songwriter royalty interest in the Ed Townsend share of "Lets Get It On."  SAS seeks a pre-motion conference seeking to intervene in this case.

        Defendants oppose SAS's attempt to intervene in this case because, as shown below, (i) SAS's motion is not timely – SAS has known of its "claim" for over three years and has known of this lawsuit since it was filed; (ii) intervention would prejudice the rights of Defendants – Plaintiffs' musicology report was submitted more than six months ago and that is the report to which Defendants' expert responded in January 2018; and, (iii) the "rights" of SAS are fully protected by the Plaintiffs whose interests are indistinguishable from those of SAS.

        Mr. Parness acknowledges the factors considered by the Court on an intervention motion, foremost among which are "timeliness."  *See Catanzano v. Wing*, 103 F.3d 223 (2d Cir. 1996).  In *Catanzano*, the Second Circuit upheld the denial of intervention, noting that among the most important factors in a timeliness decision is "the length of time the applicant knew or should have known of his interest before making the motion."  *Id.* at 232; *see also Floyd v. City of New York*, 770 F.3d 1051 (2d Cir. 2014) (intervention motion denied as untimely when proposed intervenors knew or should have known of their alleged interest in the matter well before seeking intervention).

PRYOR CASHMAN LLP

Judge Richard J. Sullivan
May 11, 2018
Page 2

Measured against these standards, Mr. Parness offers only conclusions, not facts. Unmentioned by Mr. Parness is the fact that SAS and its principal, David Pullman were fully aware of the pendency of this case since it was originally filed on August 9, 2016 (nearly two years ago).[1] In fact, on August 20, 2016, just days after this case was first filed, I had a long telephone conversation with David Pullman – I had been dealing with Mr. Pullman for years on matters unrelated to this case – in which he expressed his interest in the case.[2] He claimed he had expert reports supporting a claim of infringement. I told him, consistent with the Defendants' position in this case, that the alleged infringing elements were common chords which have long been in use in prior art. Thereafter, Mr. Pullman and I exchanged correspondence in which he sent me articles from the press about the case – again, underscoring just how public and prominent this matter has been. Yet SAS did not seek to intervene in this case in 2016 or bring its own case in 2016 or thereafter.

In July 2017, right after this case was re-filed, a lawyer in another case told me that he had been contacted by David Pullman about either filing an independent infringement case or seeking to intervene in this case. Yet again, SAS did not either commence its own case or seek to intervene in this case, instead waiting until after all fact discovery was closed and long after the time for the submission of expert musicologist reports had come and gone.

Mr. Parness mentions none of this. Instead, simply looking at the docket sheet, Mr. Parness assumes that not much has happened. The opposite is true. Initial disclosures were exchanged on October 20, 2017. The Plaintiffs' expert musicologist's report was provided to Defendants on December 8, 2017 and the Defendants' responsive expert musicologist's report was provided to Plaintiffs on January 12, 2018, thus completing the musicology reports some five months ago. As Mr. Parness admits, fact discovery is closed. In fact, with the exception of the scheduled deposition of Plaintiffs' musicologist at the end of this month and the submission of any non-musicologist expert reports by Defendants next week, discovery in this case is completed and Defendants intend to move for summary judgment following the deposition of Plaintiffs' musicologist expert.

Mr. Parness's assessment of timeliness thus ignores the facts. Timeliness looks to when SAS knew of its rights and the facts show it has known of its rights for over three years and has known of this case since inception. Nothing stopped SAS from intervening or filing its own case. SAS made a conscious choice and it now wants to be relieved of any "prejudice" caused by its conscious choice (by having its claims relate back to when this case was filed).

Mr. Parness also ignores the patent prejudice to Defendants: this case has been litigated based on the musicology expert report provided by Plaintiffs some six months ago to which

---

[1] This case was originally filed on August 9, 2016 and subsequently it was dismissed by stipulation after Plaintiffs had failed to complete service of process. The case was then refiled in July 2017.

[2] In fact, Mr. Pullman told me about a potential copyright claim he had in March 2015, over three years ago, which was this very claim.

**PRYOR CASHMAN LLP**

Judge Richard J. Sullivan
May 11, 2018
Page 3

Defendants' musicologist responded in January. There is no provision for reply. Now SAS wants to submit its own musicologist's report, effectively obtaining the opportunity to reply to Defendants' musicologist's report. Defendants would also be prejudiced by SAS's "relation back" request. The alleged infringing acts that occurred more than three years ago – May 11, 2015 as of today's date – are outside the statute of limitations. SAS, having knowingly chosen to remain aloof from this case for nearly two years wants this Court to eliminate any statutory bar to its assertion of claims in granting intervention.

Mr. Parness contends that SAS would be prejudiced if it has to commence its own case because it would have to redo discovery – actually it could agree to use the discovery already concluded – and it would burden the judicial system. There is no prejudice to SAS precisely because it has always been free to commence its own action. What SAS wants is to not suffer any penalty for not suing or seeking to intervene years ago. If part of its claim is time barred, that is a result of its own actions, not anything done by Defendants.

Finally, Mr. Parness tries to argue that this case will affect SAS's rights and that its interests are supposedly not fully aligned with Plaintiffs. Here again, the Second Circuit has rejected the arguments advanced by Mr. Parness. For example, in *Washington Elec. Coop., Inc. v. Massachusetts Mun. Wholesale*, 922 F.2d 92, 98 (2d Cir. 1990), the Second Circuit rejected the contention that the proposed intervenor's rights would not be adequately protected where, as here, there was no persuasive evidence that the Plaintiff would not vigorously pursue its claim. *See also Ionian Shipping Co. v. British Law Ins. Co.*, 426 F.2d 186, 191 (1970). Indeed, the Second Circuit requires "a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same ultimate objective." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001), citing, *Wash. Elec. Coop*, 922 F.2d at 98; *U.S. Postal Serv. v. Brennan*, 579 F.2d 188, 191 (2d Cir. 1978).

We respectfully submit that SAS should not be permitted to intervene in this case because it cannot satisfy the timeliness standard. Its self-created conditions for intervention would prejudice Defendants. SAS cannot show that its interests have not been and would not be adequately represented by Plaintiffs (and it can always bring its own action). At the very least, if the Court is inclined to entertain such a motion by SAS, it should condition it on SAS not being permitted to upend the musicologist discovery, requiring it to be bound by the existing Plaintiffs' expert report submitted over six months ago and denying it relation back status for its claims.

Respectfully submitted,

Donald S. Zakarin

**A52**

**FRANK & RICE**
*A Professional Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

May 16, 2018

**VIA ECF**
The Honorable Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   Re: *Griffin, et.al. v. Sheeran, et.al.;*
     *Case Number: 2017-CV-5221 (RJS)*

Dear Judge Sullivan:

  Our office represents the three (3) enumerated Plaintiffs attendant to the above-referenced case. We write in response to both the initiating letter on behalf of Structured Asset Sales, LLC, by Mr. Parness, as well as the subsequent responsive letter on behalf of the collective Defendants by Mr. Zakarin on May 11, 2018.

  Having had the opportunity to review all of the submitted documentary positions at length, in conjunction with being well-apprised of the procedural status of this case, please be advised that the Plaintiffs do not oppose the entry of Structured Asset Sales, LLC, as a Co-Plaintiff at this time.

  While we are not in possession of first-hand knowledge as to the various allegations and/or "facts" set forth in the previously correspondence by Mr. Parness and Mr. Zakarin, respectively, we do believe that there are several salient points of which the Court should be aware which would/should bear upon the determination as to whether or not to allow Structure Asset Sales, LLC to participate in the instant proceedings at this juncture.

  First, while it is believed that all current parties to the instant litigation have engaged in diligent efforts to effectuate discovery in connection with this matter, the reality is that there are several pending disputes which have yet to be resolved which the Plaintiffs have yet to bring before the Court—to wit, the Plaintiffs have requested documentation and/or information with respect to touring revenue for the Defendant, Mr. Sheeran, during the time frame in which his massive international hit, "Thinking Out Loud" (*i.e.*, the alleged infringing work at issue herein) was enjoying the peak of its commercial success. The Defendants have objected to providing

**FRANK & RICE**

*A Professional  Association*

325 West Park Avenue

Tallahassee, Florida 32301

Telephone: (850) 629-4168

Facsimile:  (850) 629-4184

---

those materials.  Accordingly, the Plaintiffs intend on filing a motion to compel but, given the fact that discovery and the materials responsive thereto has been meted out in installment proffers thoughout the last several months, it was the Plaintiffs intention of affording the Defendants maximum opportunity to furnish these materials before seeking Court intervention on the matter.[1]

In addition to the profit information sought attendant to touring, the Plaintiffs have also sought targeted information related to income and/or revenue streams deriving from merchandising activities.  During the course of the Defendant's, Mr. Sheeran's, deposition, it was suggested that the record company, the Defendant, Atlantic Records, was the appropriate party to provide that information.  As such, a deposition was recently taken of the corporate representative and, quite literally, only within the last forty-eight (48) hours have we received a copy of the transcript of the same and determined that sufficient information relating to merchandising revenue has still not been made available.

Second, during the course of discovery in this case, the Plaintiffs had occasion to ask for a copy of the original recording of the purported "demo" of the song, "Thinking Out Loud", at the time it was recorded by the Defendant, Mr. Sheeran.  For obvious reasons, the "demo" of the subject song is an important piece of evidence because it would provide information as to the time, place, and manner in which the song was originally written and recorded.

Responsive to the discovery request, the Defendants have furnished the Plaintiffs with a recording that has been identified and/or represented as the "demo" only to, subsequently, learn that, while the original "demo" was supposedly recorded on an iPhone in by the Defendant, Mr. Sheeran, in his home's kitchen, the version of the "demo" which has been furnished to the Plaintiffs was actually a recording of the original recording and that the iPhone which was utilized to record the song originally is missing.

By virtue of the fact that the Defendant, Mr. Sheeran, has been on tour for a large portion of the period coinciding with the discovery in this action to date, the Plaintiffs have been told by the Defendants' representatives that the Defendant, Mr. Sheeran, has not been in a position in which he could look for and furnish the original "demo" of "Thinking Out Loud".

---

[1] In the Plaintiffs' experience during the course of discovery in connection with the instant case, it has been found that while the Defendants have previously objected to certain items and/or information at one (1) time, they have relented and, in good faith, allowed for the information at issue to be provided at a later date—by way of illustration, while the Plaintiffs' initial interrogatories to the Defendant, Mr. Sheeran, met with a host of objections, at the time the deposition was taken of the Defendant, Mr. Sheeran, he was graciously allowed to answer many of the questions which had previously been met with objection earlier on in the process.

**FRANK & RICE**
*A Professional  Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile:  (850) 629-4184

Within recent weeks, the Plaintiffs had been advised that the Defendant, Mr. Sheeran, had completed his tour and was returning home and, presumably, would be in a better position in which to search for the recording device that holds the original "demo".  The Plaintiffs were advised that the search for the recording would go on and that, if and when found, it would be furnished to the Plaintiffs.  Unfortunately, however, to this day the search continues.  As a result, the Plaintiffs are evaluating the propriety of initiating an evidentiary spoliation motion at this time.

As might be reasonably gleaned from the foregoing, there are various unresolved evidentiary and/or discovery issues that remain pending at this time.  Indeed, as of the drafting of the instant correspondence, the Plaintiffs have proffered expert discovery to the Defendants which remains pending and, in turn, the Defendants, have only within the last day provided the Plaintiffs with a valuation report from a previously-undisclosed financial expert.[2]

Given the fact of the incomplete proffer of discovery, as well as the troublesome disappearance of the original recording of "Thinking Out Loud" which the Plaintiffs reasonably anticipate asking this Court to address, in conjunction with the fact that this matter has not even been set for a trial date as of yet[3], the Plaintiffs do not believe that Structured Asset Sales, LLC being afforded leave to enter the case and participate in some measure of limited additional discovery would unduly prejudice any of the parties herein.

To the contrary, given that the all of the parties herein acknowledge Structured Asset Sales, LLC's, legitimate interest in the outcome of these proceedings, it would reasonable to assert that the basic principles of *stare decisis* and judicial economy would militate toward the unassailable conclusion that allowing Structured Asset Sales, LLC to participate in this matter is the preferred course of action in an effort to present future duplicative litigation with potentially inconsistent results.[4]

Thank you for your kind attention to the foregoing.

---

[2] The Plaintiffs' musicologist is not scheduled to be deposed until the end of the current month.
[3] The Court previously scheduled a status conference for June 26, 2018.
[4] Indeed, from an objective standpoint, one (1) might presume that the Defendants, themselves, would prefer to resolve this matter in its entirety and/or obtain some measure of finality attendant to the claims at issue herein *vis a vis* having all parties claiming an interest in the proceedings to join the same.

**FRANK & RICE**
*A Professional Association*
325 West Park Avenue
Tallahassee, Florida 32301
Telephone: (850) 629-4168
Facsimile: (850) 629-4184

---

Sincerely,

_____
Patrick R. Frank, Esq.

_____
Keisha D. Rice, Esq.



**PRYOR CASHMAN LLP**

New York | Los Angeles

7 Times Square, New York, NY 10036   Tel: 212-421-4100   Fax: 212-326-0806          www.pryorcashman.com

**Donald S. Zakarin**
Partner
Direct Tel: 212-326-0108
Direct Fax: 212-798-6306
dzakarin@pryorcashman.com

May 17, 2018

<u>**VIA ECF**</u>

Hon. Richard J. Sullivan
U.S. District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    <u>Griffin, et. al. v. Sheeran, et. al., 17-cv-5221 (RJS)</u>

Dear Judge Sullivan:

      We represent all of the named Defendants in the above-referenced case.  I write in response to the May 16, 2018 letter of Mr. Frank, who represents the Plaintiffs.  Mr. Frank's letter states that Plaintiffs do not oppose the application of SAS to enter this case.  As Defendants have previously advised Your Honor in my letter of May 11, 2018, Defendants do oppose for the reasons stated in my letter.

      I do, however, want to briefly address some of the statements contained in Mr. Frank's letter which are both irrelevant and inaccurate.  It appears clear that Mr. Frank views the prospect of SAS entering this case as a means of trying to reopen fact discovery that was closed since March 28, 2018 pursuant to this Court's October 10, 2017 Case Management and Scheduling Order.   Mr. Frank announces that there are supposedly several pending discovery disputes, which he admits he did not bother to bring to the attention of the Court at any time prior to the close of fact discovery, plainly hoping that if SAS is permitted to enter this case, perhaps the Court will reopen fact discovery (despite the fact that SAS itself expressly stated that its requested intervention will not reopen fact discovery).  The two supposed "discovery disputes" identified by Mr. Frank relate to merchandising income from Mr. Sheeran's touring and his touring income.

      In fact, as Mr. Frank knows but fails to mention, Defendants made clear to Plaintiffs some six months ago, at least four months before the close of fact discovery – in our discovery responses in November 2017 and again in written correspondence on December 20, 2017 – that there was no basis on which they had any entitlement to Mr. Sheeran's touring income or merchandising income.  We explained in detail why they had no such entitlement (including providing applicable case authority for our position) and reiterated that none would be provided.  As I said above, fact discovery, with the exception of three depositions, closed in this matter on March 28, 2018.  *See*

PRYOR CASHMAN LLP

Judge Richard J. Sullivan
May 17, 2018
Page 2

Dkt. No. 39.[1]  Thus, Plaintiffs had ample opportunity for more than four months to take some action if they believed they had any entitlement to the information (which they do not).

With respect to Mr. Frank's reference to the original recording of "Thinking Out Loud," it is deeply disappointing that Mr. Frank would engage in such an elaborate and inaccurate rendition of the facts (all of which are utterly irrelevant in any event).  The undisputed testimony and evidence establishes that Mr. Sheeran recorded the very original version of "Thinking Out Loud" at his home the evening it was written by him and Amy Wadge.  He recorded it on his then existing iPhone.  Mr. Sheeran subsequently transferred this recording to an iPad and that was the version of the original recording we provided to Plaintiffs (it is identical to the original).  The studio version of the recording was recorded some two days later and Plaintiffs also have that version.  Mr. Sheeran has looked for the original iPhone but as yet has not located it.  Nevertheless, the undisputed testimony and evidence establishes that the recording we provided to Plaintiffs from Mr. Sheeran's iPad is exactly the same recorded version as the original he recorded on his iPhone when he and Amy Wadge wrote the song.[2]

And what is the basis for Mr. Frank's questions about the authenticity and provenance of the recording we provided to Plaintiffs?  There is none.  He has not provided or even identified a single solitary basis for disputing the undisputed evidence that the recording we provided to him is precisely the same recording made by Mr. Sheeran when he and Ms. Wadge wrote the song.  He has not identified a single piece of evidence that even questions the fact that the song was written at Mr. Sheeran's home a couple of days before it was recorded in the studio.  Mr. Frank's statement about contemplating a "spoliation motion" is offensive, foolishly *in terrorem,* and, quite frankly, only confirms that he does not understand spoliation.  He is free, of course, to make such a motion and while I have studiously avoided making Rule 11 motions in four decades of practicing law, I have advised him that I will make an exception for him in this case.

Nothing that Mr. Frank has addressed in his letter really bears at all on the issues regarding SAS's application to make a motion to intervene.  Rather, Mr. Frank apparently believed that SAS's application was a good opportunity for him to try to reopen fact discovery and to malign Mr. Sheeran with a fatuous spoliation claim.  This case is very nearly completed (only the deposition of Plaintiffs' expert musicologist remains) and Defendants then intend to move for summary judgment based on the lack of any actionable similarity between the two songs.  Mr. Frank's letter is simply a prayer to the Court to allow him to keep the balls in the air as long as

---

[1] Due to a snowstorm that affected the travel plans of plaintiffs and their counsel, the Court granted an extension of time to complete the depositions of plaintiffs and defendant Atlantic Recording Corporation until April 27, 2018, but the Court expressly ordered (pursuant to the stipulation of the parties) that "[t]he existing deadlines for all other discovery shall remain the same."  *See* Dkt. No. 42.

[2] I would also note that the date when "Thinking Out Loud" was written and first recorded is not an issue in the case.  There is no dispute when it was written, or where it was written.  There is no dispute when it was first recorded.

**PRYOR CASHMAN LLP**

Judge Richard J. Sullivan
May 17, 2018
Page 3

Frank's letter is simply a prayer to the Court to allow him to keep the balls in the air as long as possible, hoping to seize the victory of an unwarranted settlement from the jaws of the defeat of a dismissal.

Respectfully, SAS's application should be denied for the reasons stated in my May 11, 2018 letter and Mr. Frank, who has done nothing to pursue any supposed (but non-existent) discovery deficiencies for months, should not be permitted to reopen discovery. If Mr. Frank wishes to make a spoliation motion without any basis – and he has no basis – we will address it appropriately as it will deserve to be addressed.

Respectfully submitted,

Donald S. Zakarin

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KATHRYN TOWNSEND GRIFFIN, HELEN
McDONALD, the Estate of CHERRIGALE
TOWNSEND,

                              Plaintiffs,

        -v-

EDWARD CHRISTOPHER SHEERAN, *p/k/a*
ED SHEERAN, ATLANTIC RECORDING
CORP., *d/b/a* ATLANTIC RECORDS,
SONY/ATV MUSIC GROUP CORP., *d/b/a*
ASYLUM RECORDS,

                              Defendants.

No. 17-cv-5221 (RJS)
<u>ORDER</u>



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/18

<u>RICHARD J. SULLIVAN</u>, District Judge:

Plaintiffs Kathryn Griffin, Helen McDonald, and the Estate of Cherrigale Townsend bring

this action alleging copyright infringement against Edward Sheeran, Atlantic Recording, and

Sony/ATV Music Group.  Now before the Court is a motion to intervene filed by Structured Asset

Sales, LLC ("SAS").  For the reasons that follow, SAS's motion is denied.

I. BACKGROUND

Plaintiffs originally commenced this action on August 9, 2016, alleging that Defendants

violated 17 U.S.C. §§ 101, *et seq*, through their unauthorized reproduction, distribution, and public

performance of the Plaintiffs' copyrighted musical composition "*Let's Get it On.*"  (*See Griffin et

al. v. Sheeran et al.*, No. 16-cv-6309 (RJS), Doc. No. 1.)  Ultimately, that case was dismissed for

failure to complete service of process.  (No. 16-cv-6309, Doc. No. 51.)  Thereafter, Plaintiffs

commenced a new action on July 11, 2017, alleging the same causes of action against the same

# A60

Defendants.  (Doc. No. 1 ("Compl.") ¶ 1.)  Since the initiation of this widely-publicized action,[1] fact discovery has closed (Doc. No. 41 at 1), and Defendants have signaled their intention to move for summary judgment (Doc. No. 45 at 2).  On May 10, 2018, SAS submitted a letter to the Court seeking leave to move to intervene in this matter.  (Doc. No. 43.)  Plaintiffs thereafter filed a letter supporting SAS's proposed motion (Doc. No. 46), and Defendants filed two responsive letters opposing the proposed motion (Doc. Nos. 45, 47).  Based on these submissions, and the fact that additional briefing on the issue is not necessary, the Court deems SAS's contemplated motion to intervene made.

## II. Discussion

SAS moves to intervene pursuant to Federal Rule of Civil Procedure 24.  As an initial matter, SAS argues that it *must* be permitted to intervene, as a matter of right pursuant to Federal Rule of Civil Procedure 24(a), because it is a beneficial owner of a one-third interest in the writer's share of the copyright to "*Let's Get It On.*"  (Doc. No. 43 at 1-2.)  Under Rule 24(a), a movant seeking to intervene in an action must show that:  "(1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject matter of the action; (3) the protection of the interest may as a practical matter be impaired by the disposition of the action; and (4) the interest is not adequately protected by an existing party."  *Restor–A–Dent Dental Labs., Inc. v. Certified Alloy Prods., Inc.*, 725 F.2d 871, 874 (2d Cir. 1984) (internal quotation marks omitted).  All four parts of this test must be satisfied for the movant to intervene as a matter of right.  *Washington Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 96 (2d Cir. 1990).

---

[1] *See, e.g.*, Jon Blistein, *Ed Sheeran Sued for Allegedly Copying Marvin Gaye's 'Let's Get It On,'* Rolling Stone (Aug. 9, 2016), https://www.rollingstone.com/music/news/ed-sheeran-sued-for-allegedly-copying-lets-get-it-on-w433632; Melissa Chan, *Ed Sheeran Sued for Allegedly Copying Marvin Gaye's Let's Get It On*, Time (Aug. 10, 2016).

In the alternative, SAS also seeks to intervene pursuant to Federal Rule of Civil Procedure 24(b) – the permissive intervention provision – which authorizes a court to permit a party to intervene after timely application if the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). The analysis under Rule 24(b) differs only slightly from that under Rule 24(a), and district courts are vested with "considerable discretion" to decide whether to permit intervention under this rule. *Greenridge v. Allstate Ins. Co.*, 82 Fed. App'x 728, 729 (2d Cir. 2003); see also *Restor–A–Dent Dental Labs., Inc.*, 725 F.2d at 876 ("A district court's discretion under Rule 24(b) is broad."). Relevant here, a court is to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3); *see also In re Initial Pub. Offering Sec. Litig.*, 499 F. Supp. 2d 415, 417–18 (S.D.N.Y. 2007) ("A motion for permissive intervention must be timely."). The court may also weigh other factors that are similar to those considered under Rule 24(a), including (1) the nature and extent of the proposed intervenor's interests; (2) whether the existing parties adequately represent those interests; and (3) whether allowing intervention would "significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented." *United States Postal Serv. v. Brennan*, 579 F.2d 188, 191-92 (2d Cir. 1978) (internal quotation marks omitted).

Here, SAS does not satisfy the requirements of either Rule 24(a) or Rule 24(b) because its motion is clearly untimely. "The determination of the timeliness of a motion to intervene is within the discretion of the district court, 'evaluated against the totality of the circumstances before the court.'" *D'Amato v. Deutsche Bank*, 236 F.3d 78, 84 (2d Cir. 2001) (quoting *Farmland Dairies v. Comm'r of the N.Y. State Dep't of Agric. and Markets*, 847 F.2d 1038, 1043–44 (2d Cir.1988). Considerations include "(1) the length of time the applicant knew or should have known of his

interest before making the motion; (2) prejudice to existing parties resulting from the applicant's delay; (3) prejudice to the applicant if the motion is denied; and (4) the presence of unusual circumstances militating for or against a finding of timeliness." *Id.* (citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 70 (2d Cir. 1994)).

None of the timeliness factors favors SAS. First, SAS is a sophisticated party that, according to Defendants, was aware of this dispute (and its interest in this litigation) at least as early as 2016. (Doc. No. 45 at 2.) Indeed, SAS does not deny such knowledge and yet offers no explanation for its delay in filing this motion to intervene nearly two years after the original complaint was filed, one year after the commencement of this action, and almost two months after fact discovery ended. Second, intervention would prejudice Defendants, since it appears that Plaintiffs intend to use SAS's intervention as a basis for reopening fact discovery (Doc. No. 46), and SAS itself acknowledges that it would need to file an expert report of its own in order to respond to the months-old expert reports already exchanged between Plaintiffs and Defendants (Doc. No. 43). Forcing the Court and the parties to retrace steps in a scheduling order issued nearly eight months ago is clearly prejudicial and, when considered in light of SAS's delay, unjustified. (Doc. No. 32.) By contrast, SAS also does not identify any prejudice that it would face should the motion be denied. Finally, the Court concludes that certain additional circumstances counsel against intervention in this case. Specifically, Defendants suggest that they might make the additional affirmative defense that the statute of limitations has run on SAS's claim, which would spawn further motion practice that would be irrelevant to the current litigation, which, as discussed, is already nearing the final stages of discovery. (Doc. No. 45 at 3.)

III. Conclusion

Because SAS's motion to intervene is clearly untimely, the Court deems the motion to be

4

made and denies it.  The parties are reminded that expert discovery shall be completed by June 15,

2018, the parties shall file premotion letters, if any, by June 15, 2018, and the Court will conduct

a post-discovery conference on June 29, 2018 at 10:00 a.m.

SO ORDERED.

Dated:       June 11, 2018
             New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KATHRYN TOWNSEND GRIFFIN,
HELEN McDONALD, THE
ESTATE OF CHERRI GALE TOWNSEND,

                                                        CASE NO.: 1:17-CV-05221 (RJS)

                        Plaintiffs,

      v.                                       **ECF CASE**

EDWARD CHRISTOPHER SHEERAN, p/k/a
ED SHEERAN, ATLANTIC RECORDING
CORP., d/b/a ATLANTIC RECORDS,
SONY/ATV MUSIC GROUP CORP., d/b/a
ASYLUM RECORDS,

                        Defendants.
------------------------------------------------------------------X

## <u>NOTICE OF APPEAL</u>

      Notice is hereby given that Proposed Intevenor Structured Asset Sales, LLC ("SAS")

hereby appeals to the United States Court of Appeals for the Second Circuit from the Order of

this Court entered June 11, 2018 (Dkt. 48), denying SAS's motion to intervene in the above-

captioned action.

Dated: New York, New York
       June 21, 2018

                                    Respectfully submitted,

                                    PARNESS LAW FIRM, PLLC
                                   _____/s/ Hillel I. Parness_____
                                    Hillel I. Parness (HP-1638)
                                    136 Madison Ave., 6th Floor
                                    New York, New York  10016
                                    (212) 447-5299
                                    hip@hiplaw.com

                                    *Attorneys for Proposed Intervenor*
                                    *Structured Asset Sales, LLC*

Last updated February 2018

**INDIVIDUAL RULES AND PRACTICES OF JUDGE RICHARD J. SULLIVAN**

**Chambers Contact Information:**

United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 2104
New York, New York 10007
(212) 805-0264
SullivanNYSDChambers@nysd.uscourts.gov
Courtroom 905

**Unless otherwise ordered, matters before Judge Sullivan shall be conducted in accordance with the following practices:**

1.      **Communications with Chambers**

        **A. Letters.**  Except as otherwise provided below, communications with chambers shall be by letter, with copies simultaneously delivered to all counsel.  Letters on behalf of parties represented by counsel must be both docketed on ECF and e-mailed as a PDF attachment to the following address:  sullivannysdchambers@nysd.uscourts.gov.  Copies of correspondence between counsel shall not be sent to the Court or docketed on ECF.  *Pro se* litigants may send letters by regular mail, but must send all letters to the *Pro Se* Intake Unit, not to chambers.  Other than orders to show cause, documents should not be delivered directly to chambers without prior permission, including by Assistant United States Attorneys and Federal Defenders.

        Counsel shall include the case caption and docket number in the subject line of every e-mail sent to chambers.  Counsel shall not provide a hard copy of correspondence e-mailed to chambers.

        **B.  Telephone Calls.**  Telephone calls to chambers are permitted only in situations requiring immediate attention.  In such situations only, call (212) 805-0264.

        **C.  Requests for Extensions.**  Requests for adjournments, extensions of time, extensions of page lengths in memoranda, etc., shall be made by letter, and not by stipulation sent through the Orders and Judgments Clerk.  Absent an emergency, such requests must be received in chambers at least two business days prior to the scheduled appearance or deadline.  All requests for adjournments or extensions of time must state (1) the original date set for the appearance or deadline, (2) the reason(s) for the request, (3) the number of previous requests for adjournment or extension, (4) whether these previous requests were granted or denied, and (5) whether the adversary consents, and, if not, the reasons given by the adversary for refusing to consent.  If the requested adjournment or extension affects any other scheduled dates, a proposed Revised Scheduling Order must be attached.

Judge Sullivan
**Individual Rules and Practices**
Page 2

**D. Proposed Stipulations and Orders.** Proposed stipulations and orders are to be submitted in both PDF and Word version through the Orders and Judgments Clerk at orders_and_judgments@nysd.uscourts.gov. Courtesy copies need not be sent to chambers.

**E. Related Cases.** After a case has been accepted as related to an earlier-filed case, all future court papers and correspondence must contain the docket number of the new case, as well as the docket number of the case to which it is related (*e.g.*, 10-cv-1234 [rel. 09-cv-4321]).

## 2. Motions

**A. Pre-Motion Conferences in Civil Cases.** For discovery motions or disputes, follow Rule 2.G. below. For motions other than discovery motions, a pre-motion conference with the Court is required before making any motion, except motions previously authorized by the Court, motions brought by order to show cause, motions by incarcerated *pro se* litigants, motions for admission *pro hac vice*, motions for reargument or reconsideration, motions for appointment of lead plaintiffs and counsel in class actions, motions for remand, motions for a preliminary injunction, motions brought pursuant to Local Rule 6.3, and motions described in Rule 6(b) of the Federal Rules of Civil Procedure and Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure.

To arrange a pre-motion conference, the moving party shall submit a letter in accordance with Rule 1.A, not to exceed three pages in length, setting forth the basis for the anticipated motion. The letter shall include citations to relevant authority and should provide a brief overview of the anticipated motion. All parties served with the letter must submit a letter response, not to exceed three pages, within three business days from submission of the notification letter. Response letters shall directly address the arguments and authorities set forth in the moving party's letter. No party shall submit a reply letter. As a general matter, affidavits and exhibits are not permitted in connection with pre-motion letters without prior written request and permission. However, when submitting a pre-motion letter regarding a request to amend a pleading, the moving party shall attach: (1) the proposed amended pleading, and (2) a blackline comparison of the operative pleading and proposed amended pleading.

A party's submission of a pre-motion letter seeking leave to file a pre-answer motion to dismiss will stay that party's obligation to answer or move against the complaint through the date of the pre-motion conference.

**B. Memoranda of Law.** Unless prior permission has been granted, memoranda of law in support of and in opposition to motions are limited to 25 pages, and reply memoranda are limited to 10 pages. Memoranda of 10 pages or more shall contain a table of contents. All memoranda of law shall (1) be produced in a font size of twelve point or higher, (2) be double-spaced, and (3) have one-inch margins on all sides. Footnotes shall (1) be produced in a font size

**Judge Sullivan**
**Individual Rules and Practices**
**Page 3**

of twelve point or higher, and (2) be single-spaced with a twelve point space between footnotes appearing on the same page. Sur-reply memoranda will not be accepted without prior permission of the Court.

**C. Unpublished Cases**. Westlaw citations shall be provided, if available, to cases not available in an official reporter. Parties must provide copies of cases that are not available on Westlaw.

**D. Courtesy Copies.** Regarding all motion papers, including exhibits submitted in connection with a motion, a party shall submit a hard courtesy copy and, via e-mail, an electronic courtesy copy thereof to chambers at the time the papers are served. As for pleadings and correspondence (*e.g.*, letter motions), a party need only e-mail a courtesy copy to chambers. Courtesy copies should be marked as such and shall be submitted to chambers for both ECF and non-ECF designated cases.

**E. Filing of Motion Papers.** Motion papers not filed and served via ECF shall be filed promptly after service.

**F. Oral Argument on Motions.** Oral argument will be held at the Court's discretion. The notice of motion shall state that oral argument will be "on a date and at a time designated by the Court." The Court will contact the parties to set the specific date and time for oral argument, if any. Where junior lawyers are familiar with the matter under consideration, but are not experienced in arguing before a court, they should be encouraged to actively participate. The Court is amenable to permitting more than one lawyer to argue for a party, especially where it creates an opportunity for a junior lawyer to argue,

**G. Discovery Disputes.** Unless otherwise directed, and before making any discovery motion, counsel should describe their discovery disputes in a single letter, jointly composed, not to exceed five pages. Separate and successive letters will not be read. Before filing the joint letter, the parties shall confer in an effort to resolve the dispute without court action, and the joint letter shall describe the time, place and duration of such discussions, naming the counsel involved. The joint letter shall also describe concisely the issues in dispute and the respective positions of each party, citing the applicable authority that the respective parties claim for support. As a general matter, affidavits and exhibits are **not** permitted in connection with discovery dispute letters without prior written request and permission. However, when the dispute concerns the refusal to respond to a specific written request, the parties shall attach that request. If an opposing party refuses to participate in writing a joint letter or does not provide its portion of a joint letter within 72 hours of a party's request, a party may submit a letter without the opposing party's contribution and shall attach a copy of the correspondence seeking the opposing party's contribution.

Judge Sullivan
**Individual Rules and Practices**
Page 4

**H. Affidavits and Exhibits.** Parties are limited to a total of five affidavits each in support of or in opposition to a motion. Affidavits may not exceed ten double-spaced pages. Parties are limited to a total of fifteen exhibits, including exhibits attached to an affidavit, in support of or in opposition to any motion. Each exhibit – other than the complaint – is limited to fifteen pages. If possible, the exhibits should be excerpted to include only the relevant material. As noted above, no affidavits or exhibits are permitted in connection with pre-motion letters or discovery dispute letters without prior written request and permission.

**3. Sealing**

No document may be filed with the Clerk under seal without an order of this Court addressing the specific documents to be sealed. Any application to seal shall be accompanied by an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), in a civil case or *United States v. Amodeo*, 71 F.3d 1044 (2d Cir. 1995), in a criminal case, and any other controlling authority. The application shall also include a proposed redacted version of the document(s) in question for public docketing. Nothing herein is intended to alter or modify the applicability of Federal Rule of Civil Procedure 5.2. The redactions expressly authorized by Rule 5.2 may be made without application to the Court.

**4. Pretrial Procedures in Civil Cases**

**A. Courtesy Copies.** A courtesy copy of each submission described in this pretrial section should be provided to chambers on the date that the submission is filed or served.

**B. Joint Proposed Pretrial Orders.** Prior to trial, the Court will issue an order directing the parties to jointly submit to the Court for its approval a Proposed Pretrial Order that includes the information required by Federal Rule of Civil Procedure 26(a)(3), and the following:

    i.    The full caption of the action;

    ii.    The names, addresses (including firm names), and telephone and fax numbers of trial counsel;

    iii.    A brief statement by Plaintiff as to the basis of subject-matter jurisdiction and a brief statement by Defendants as to the presence or absence of subject-matter jurisdiction, each of which shall include citations to all authority relied on and relevant facts as to citizenship and jurisdictional amount;

    iv.    A brief summary by each party of the claims and defenses that the party has asserted that remain to be tried – without recital of evidentiary matters but with

**Judge Sullivan**
**Individual Rules and Practices**
**Page 5**

   citations to all statutes on which the party has relied – and of the claims and defenses that the party has previously asserted that are not to be tried;

v.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days needed;

vi.  A statement as to whether all parties have consented to a trial of the case by a magistrate judge (without identifying which party or parties have or have not so consented);

vii.  Any stipulations of fact or law that have been agreed upon by the parties;

viii.  A statement by each party as to the witnesses whose testimony is to be offered in the party's case-in-chief, indicating whether such witnesses will testify in person or by deposition;

ix.  A designation by each party of deposition testimony to be offered in the party's case-in-chief, with any cross-designations and objections by any other party;

x.  A list by each party of exhibits to be offered in the party's case-in-chief, with an indication as to whether any party objects to any such exhibits and a brief statement of the nature of the objection (*e.g.*, "relevance," "authenticity," "hearsay"); and

xi.  A statement of whether the parties consent to less than a unanimous verdict.

**C. Filings Prior to Trial.**

 Unless otherwise ordered by the Court, in jury cases, the parties shall jointly file the following submissions with the Proposed Pretrial Order:

i.  Proposed *voir dire* questions – a copy of which shall be e-mailed to chambers in a Word version – which shall include the text of any requested question and should consist of a single document and note any areas of disagreement between the parties;

ii.  A proposed verdict form – a copy of which shall be e-mailed to chambers in a Word version – and which should consist of a single document and note any areas of disagreement between the parties;

iii.  Proposed jury instructions – a copy of which shall be e-mailed to chambers in a Word version – and which shall include the text of any requested instruction and a

**Judge Sullivan**
**Individual Rules and Practices**
**Page 6**

> citation, if relevant, to the authority from which such instruction derives, and should consist of a single document and note any areas of disagreement between the parties;

    iv.    Motions addressing any evidentiary or other issues that should be resolved *in limine*; and

    v.    If a party believes that it would be useful, a pretrial memorandum, not to exceed 10 pages.

Unless otherwise ordered by the Court, in non-jury cases, the parties shall jointly file the following submissions with the Proposed Pretrial Order:

    i.    Proposed findings of fact and conclusions of law – a copy of which shall be e-mailed to chambers in a Word version – which should be detailed and note any areas of disagreement between the parties and, for each proposed factual finding, shall include citations to the record;

    ii.    Motions addressing any evidentiary or other issues that should be resolved *in limine*; and

    iii.    If a party believes that it would be useful, a pretrial memorandum, not to exceed 10 pages.

    **D.  Additional Submissions in Non-Jury Cases**.  In addition, in non-jury cases, at the time that the Proposed Pretrial Order is filed, each party shall serve the following submissions, two courtesy copies of which the party shall also submit to chambers:

    i.    Affidavits – the originals of which shall be marked as exhibits at trial – constituting the direct testimony of each trial witness, except for testimony of an adverse party, a person whose attendance must be compelled by subpoena, or a person for whom a party has requested and from whom the Court has agreed to hear direct testimony during the trial;

    ii.    All deposition excerpts that will be offered as substantive evidence and, for each, a one-page synopsis of those excerpts (with citations); and

    iii.    All documentary evidence, which shall be compiled in tabbed binders containing all documentary exhibits organized by exhibit number.  If the number of exhibits is so voluminous as to make compliance with this rule impractical, the parties shall contact the Court for guidance.

**Judge Sullivan**
**Individual Rules and Practices**
**Page 7**

**E. Filings in Opposition**. Parties shall file the following documents within one week of the filing of the pretrial order:

      i.     Oppositions to any motions *in limine*.

      ii.    Oppositions to any legal argument in a pretrial memorandum.

**F. Courtesy Copies of Documentary Evidence.**

In jury cases, three days prior to trial, each party shall submit to chambers two sets of tabbed binders containing all documentary exhibits organized by exhibit number. If the number of exhibits is so voluminous as to make compliance with this rule impractical, the parties shall contact the Court for guidance.

In non-jury cases, three days prior to trial, the parties shall submit to chambers any additional documentary evidence not previously included in the binders submitted pursuant to Rule 4.C.1.iii. Any such additional documentary evidence shall be organized by exhibit number (continuing from the numbers in the previously submitted binders), and objections to an exhibit shall be clearly noted. In addition, with respect to the documentary evidence previously submitted pursuant to Rule 4.C.1.iii, the parties shall provide chambers with an index of the exhibit numbers that the Court has deemed admissible; to the extent that the Court has not ruled on an exhibit(s) to which a party objects, the index shall clearly note any such exhibit(s) as well. The index shall not list exhibits that the Court previously deemed inadmissible.

**5.     Conferences**

**A. Principal Trial Counsel.** The attorney who will serve as principal trial counsel **must** appear at all conferences with the Court. Any attorney appearing before the Court must file a notice of appearance with the Clerk of the Court.

**B. Initial Case Management Conference.** The Court will generally schedule a Fed. R. Civ. P. 16(c) conference within three months of the filing of the Complaint. The Notice of Initial Pretrial Conference will be sent to plaintiff's counsel, who will be responsible for distributing copies to all parties.

**C. Exhibits.** If a party intends to introduce exhibits at a hearing, that party shall before the hearing begins submit two tabbed binders containing all documentary exhibits organized by exhibit number. If the number of exhibits is so voluminous as to make compliance with this rule impractical, the parties shall contact the Court for guidance.

**6.     Default Judgments.** A party who wishes to obtain a default judgment must proceed by way of an order to show cause and should use the procedure set forth at:

**Judge Sullivan**
**Individual Rules and Practices**
**Page 8**

http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=918.    A motion for default judgment will not be considered fully submitted until the moving party has obtained a signed Certificate of Default from the Clerk of the Court.

**7.      Bankruptcy Appeals.**  Briefs must be submitted in accordance with Bankr. Rule 8018. Counsel may extend these dates by joint request submitted to the Court no later than two business days before the brief is due.

**8.      Criminal Cases.**  Upon assignment of a criminal case to Judge Sullivan, the parties shall immediately call chambers to arrange for a conference, at which the defendant will be present, in order to set a discovery and motion schedule.  The Assistant United States Attorney shall e-mail a courtesy copy of the indictment and the criminal complaint, if one exists, to chambers as soon as practicable.  With respect to guilty pleas and sentencing, parties should refer to the Advice of Rights Form and the Court's Individual Rules of Practice for Sentencing Proceedings, respectively, which are available on the Court's website at the following links:

- http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1214

- http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=1215

- http://www.nysd.uscourts.gov/cases/show.php?db=judge_info&id=481

# A73

CLOSED,ECF

## U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:16-cv-06309-RJS

Griffin et al v. Sheeran et al                                    Date Filed: 08/09/2016
Assigned to: Judge Richard J. Sullivan                           Date Terminated: 02/15/2017
Demand: $9,999,000                                               Jury Demand: Plaintiff
Related Case:  1:17-cv-05221-RJS                                 Nature of Suit: 820 Copyright
Cause: 17:504 Remedies for Copyright Infringement               Jurisdiction: Federal Question

**Plaintiff**

**Kathryn Townsend Griffin**                represented by   **Patrick Ryan Frank**
                                                            Frank & Associates,
                                                            15 Woodfield Avenue
                                                            Northport, NY 11768
                                                            (850)-629-4168
                                                            Fax: (850)-629-4184
                                                            Email: lawatf@aol.com
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Helen McDonald**                          represented by   **Patrick Ryan Frank**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Cherrigale Townsend**                     represented by   **Patrick Ryan Frank**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Edward Christopher Sheeran**
*TERMINATED: 02/02/2017*
*also known as*
Ed Sheeran
*TERMINATED: 02/02/2017*

**Defendant**

**Gingerbread Man Records**
*TERMINATED: 02/02/2017*

**Defendant**

**Amy Wadge**
*TERMINATED: 02/02/2017*

**Defendant**

# A74

**Amy Wadge Records**
*TERMINATED: 02/02/2017*

#### Defendant

**Jake Gosling**
*TERMINATED: 02/02/2017*

#### Defendant

**Sticky Studios**
*TERMINATED: 02/02/2017*

#### Defendant

**Sony/Atv Music Publishing, LTD. UK**
*TERMINATED: 02/02/2017*

#### Defendant

**Sony/Atv Music Publishing**
*TERMINATED: 02/02/2017*

#### Defendant

**Atlantic Recording Corporation**
*doing business as*
Atlantic Records

represented by **Donald S. Zakarin**
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
212 326 0108
Fax: 212 326 0806
Email: DZakarin@pryorcashman.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ilene Susan Farkas**
Pryor Cashman LLP
7 Times Square
New York, NY 10036-6569
212-421-4100
Fax: 212-326-0806
Email: ifarkas@pryorcashman.com
*ATTORNEY TO BE NOTICED*

#### Defendant

**Atlantic Records UK**
*TERMINATED: 02/02/2017*

#### Defendant

**BDi Music**
*TERMINATED: 02/02/2017*

#### Defendant

**Bucks Music Group**
*TERMINATED: 02/02/2017*

#### Defendant

8/27/2018                                                        SDNY CM/ECF Version 6.2.2

**Warner Music Group Corporation**          represented by **Donald S. Zakarin**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ilene Susan Farkas**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**Warner Music Group, LTD UK**
*TERMINATED: 02/02/2017*

**Defendant**

**Ed Sheeran Limited**
*TERMINATED: 02/02/2017*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 08/09/2016 | 1 | **FILING ERROR - DEFICIENT PLEADING - FILER ERROR -** COMPLAINT against Amy Wadge Records, Asylum Records, Atlantic Recording Corporation, Atlantic Records UK, BDi Music, Bucks Music Group, Ed Sheeran Limited, Gingerbread Man Records, Jake Gosling, Edward Christopher Sheeran, Sony/Atv Music Publishing, Sony/Atv Music Publishing, LTD. UK, Sticky Studios, Amy Wadge, Warner Music Group Corporation, Warner Music Group, LTD UK. (Filing Fee $ 400.00, Receipt Number 0208-12631752)Document filed by kathryn townsend griffin.(Frank, Patrick) Modified on 8/10/2016 (dgo). (Entered: 08/09/2016) |
| 08/09/2016 | 2 | AO 121 FORM COPYRIGHT - NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review.(Frank, Patrick) (Entered: 08/09/2016) |
| 08/09/2016 | 3 | CIVIL COVER SHEET filed. (Frank, Patrick) (Entered: 08/09/2016) |
| 08/09/2016 | 4 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by kathryn townsend griffin.(Frank, Patrick) (Entered: 08/09/2016) |
| 08/09/2016 | 5 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for Patrick Ryan Frank to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12631805. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by kathryn townsend griffin.(Frank, Patrick) Modified on 8/9/2016 (wb). (Entered: 08/09/2016) |
| 08/09/2016 |   | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 5 MOTION for Patrick Ryan Frank to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12631805. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): missing Certificate of Good Standing from Supreme Court of Florida; missing Proposed Order;. Re-file the motion as a Corrected Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (wb)** (Entered: 08/09/2016) |
| 08/10/2016 |   | **\*\*\*NOTICE TO ATTORNEY REGARDING REMOVAL OF PARTY. Notice to attorney Patrick Ryan Frank. The following party/parties has been removed from** |

| | | |
|---|---|---|
| | | **this case: Asylum Records. The party was added to the case in error. (dgo)** (Entered: 08/10/2016) |
| 08/10/2016 | | **\*\*\*NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Patrick Ryan Frank. The party information for the following party/parties has been modified: kathryn townsend griffin, Edward Christopher Sheeran, Atlantic Recording Corporation,. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error; alias party name was omitted;. (dgo)** (Entered: 08/10/2016) |
| 08/10/2016 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Patrick Ryan Frank to RE-FILE Document No. 1 Complaint,. The filing is deficient for the following reason(s): the wrong filer/filers were selected for the pleading;. Re-file the pleading using the event type Complaint found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (dgo)** (Entered: 08/10/2016) |
| 08/10/2016 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Richard J. Sullivan. Please download and review the Individual Practices of the assigned District Judge, located at http://nysd.uscourts.gov/judges/District. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at http://nysd.uscourts.gov/ecf_filing.php. (dgo) (Entered: 08/10/2016) |
| 08/10/2016 | | Magistrate Judge Andrew J. Peck is so designated. (dgo) (Entered: 08/10/2016) |
| 08/10/2016 | | Case Designated ECF. (dgo) (Entered: 08/10/2016) |
| 08/10/2016 | 6 | AO 121 FORM COPYRIGHT - CASE OPENING - SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a court action has been filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights. (dgo) (Entered: 08/10/2016) |
| 08/10/2016 | 7 | **FILING ERROR - DEFICIENT PLEADING - FILED AGAINST PARTY ERROR -** AMENDED COMPLAINT amending 1 Complaint,, against Edward Christopher Sheeran, Sony/Atv Music Publishing, Sony/Atv Music Publishing, LTD. UK, Sticky Studios, Amy Wadge, Warner Music Group Corporation, Warner Music Group, LTD UK with JURY DEMAND.Document filed by Cherrigale Townsend. Related document: 1 Complaint,, filed by Kathryn Townsend Griffin.(Frank, Patrick) Modified on 8/11/2016 (laq). (Entered: 08/10/2016) |
| 08/10/2016 | 8 | MOTION to Amend/Correct Notice Regarding Deficient Motion to Appear Pro Hac vice,,, . Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 08/10/2016) |
| 08/11/2016 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Patrick Frank to RE-FILE Document No. 7 Amended Complaint. The filing is deficient for the following reason(s): the wrong party/parties whom the pleading is against were selected - all of the parties listed in the caption of the filing must be the parties selected when filed by or filed against ; THE PDF MUST BE TITLED AMENDED COMPLAINT IF FILING AN AMENDED COMPLAINT. Re-file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (laq)** (Entered: 08/11/2016) |

| | | |
|---|---|---|
| 08/11/2016 | 9 | **FILING ERROR - WRONG EVENT TYPE SELECTED FROM MENU -** AMENDED COMPLAINT amending 7 Amended Complaint,, against Amy Wadge Records, Atlantic Recording Corporation, Atlantic Records UK, BDi Music, Bucks Music Group, Ed Sheeran Limited, Gingerbread Man Records, Jake Gosling, Edward Christopher Sheeran, Sony/Atv Music Publishing, Sony/Atv Music Publishing, LTD. UK, Sticky Studios, Amy Wadge, Warner Music Group Corporation, Warner Music Group, LTD UK with JURY DEMAND.Document filed by Helen McDonald, Kathryn Townsend Griffin, Cherrigale Townsend. Related document: 7 Amended Complaint,, filed by Cherrigale Townsend.(Frank, Patrick) Modified on 8/12/2016 (pc). (Entered: 08/11/2016) |
| 08/12/2016 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Patrick Ryan Frank to RE-FILE Document No. 9 Amended Complaint,,. The filing is deficient for the following reason(s): the wrong event type was used to file the pleading; the pleading was not signed. Re-file the pleading using the event type Complaints found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (pc)** (Entered: 08/12/2016) |
| 08/12/2016 | 10 | AMENDED COMPLAINT amending 9 Amended Complaint,, against Amy Wadge Records, Atlantic Recording Corporation, Atlantic Records UK, BDi Music, Bucks Music Group, Ed Sheeran Limited, Gingerbread Man Records, Jake Gosling, Edward Christopher Sheeran, Sony/Atv Music Publishing, Sony/Atv Music Publishing, LTD. UK, Sticky Studios, Amy Wadge, Warner Music Group Corporation, Warner Music Group, LTD UK with JURY DEMAND.Document filed by Helen McDonald, Kathryn Townsend Griffin, Cherrigale Townsend. Related document: 9 Amended Complaint,, filed by Helen McDonald, Cherrigale Townsend, Kathryn Townsend Griffin.(Frank, Patrick) (Entered: 08/12/2016) |
| 08/23/2016 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 8 MOTION to Amend/Correct Notice Regarding Deficient Motion to Appear Pro Hac vice,,, .. The document has been reviewed and there are no deficiencies. (wb)** (Entered: 08/23/2016) |
| 08/23/2016 | 11 | ORDER FOR ADMISSION PRO HAC VICE granting 8 Amended Motion to Appear Pro Hac vice of Patrick Ryan Frank. (Signed by Judge Richard J. Sullivan on 8/23/2016) (mro) (Entered: 08/24/2016) |
| 09/23/2016 | 12 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for KEISHA DORLISA RICE to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12796363. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) Modified on 9/26/2016 (bcu). (Entered: 09/23/2016) |
| 09/23/2016 | 13 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION for KATHERINE LANIER VIKER to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12796538. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) Modified on 9/26/2016 (bcu). (Entered: 09/23/2016) |
| 09/26/2016 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 12 MOTION for KEISHA DORLISA RICE to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12796363. Motion and supporting papers to be reviewed by Clerk's Office staff., 13 MOTION for KATHERINE LANIER VIKER to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number 0208-12796538. Motion and supporting papers to be reviewed by Clerk's Office staff... The filing is deficient for the following reason(s): expired Certificate of** |

| | | |
|---|---|---|
| | | **Good Standing from Supreme Court of Florida;. Re-file the motion as a Corrected Motion to Appear Pro Hac Vice - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (bcu)** (Entered: 09/26/2016) |
| 09/28/2016 | 14 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION to Amend/Correct Notice Regarding Deficient Motion to Appear Pro Hac vice,,, . Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend.(Frank, Patrick) Modified on 11/29/2016 (wb). (Entered: 09/28/2016) |
| 09/28/2016 | 15 | **FILING ERROR - DEFICIENT DOCKET ENTRY -** MOTION to Amend/Correct Notice Regarding Deficient Motion to Appear Pro Hac vice,,, . Document filed by Cherrigale Townsend.(Frank, Patrick) Modified on 11/29/2016 (wb). (Entered: 09/28/2016) |
| 11/16/2016 | 16 | ORDER: Plaintiffs commenced this action on August 9, 2016 by filing a complaint. More than 90 days have elapsed since the action was commenced, and Plaintiffs have failed to file an affidavit of service with the Court attesting to service of the summons and complaint on the Defendants. Accordingly, this action will be dismissed without prejudice unless Plaintiffs, by November 28, 2016, either (l) file proof of service with the Clerk of the Court, or (2) show cause in writing why a further extension of the time limit for service is warranted. See Fed. R. Civ. P. 4(m). (Signed by Judge Richard J. Sullivan on 11/16/2016) (mro) (Entered: 11/17/2016) |
| 11/23/2016 | 17 | FIRST RESPONSE re: 16 Order,, . Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 11/23/2016) |
| 11/28/2016 | 18 | MEMO ENDORSEMENT on re: 17 Response filed by Helen McDonald, Cherrigale Townsend, Kathryn Townsend Griffin. ENDORSEMENT: Because Plaintiffs have shown good cause, as required by Federal Rule of Civil Procedure 4(m), their failure to serve Defendants within 90 days after filing their complaint, IT IS HEREBY ORDERED THAT Plaintiffs' time to serve Defendants is extended to January 20, 2017. (Service due by 1/20/2017.) (Signed by Judge Richard J. Sullivan on 11/28/2016) (kgo) (Entered: 11/29/2016) |
| 11/29/2016 | | **>>>NOTICE REGARDING DEFICIENT MOTION TO APPEAR PRO HAC VICE. Notice to RE-FILE Document No. 14 MOTION to Amend/Correct Notice Regarding Deficient Motion to Appear Pro Hac vice,,, ., 15 MOTION to Amend/Correct Notice Regarding Deficient Motion to Appear Pro Hac vice,,, ... The filing is deficient for the following reason(s): the wrong event type was used to file the motion; expired Certificate of Good Standing from Supreme Court of Florida;. Re-file the motion as a Motion to Appear Pro Hac Vice using the event type Motion to Appear Pro Hac Vice found under the event list Motions - attach the correct signed PDF - select the correct named filer/filers - attach valid Certificates of Good Standing issued within the past 30 days - attach Proposed Order.. (wb)** (Entered: 11/29/2016) |
| 12/09/2016 | 19 | **FILING ERROR - DEFICIENT PLEADING - FILED AGAINST PARTY ERROR**REQUEST FOR ISSUANCE OF SUMMONS as to Sony/ATV Music Publishing, LLC;, re: 10 Amended Complaint,,. Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) Modified on 12/12/2016 (dgo). (Entered: 12/09/2016) |
| 12/12/2016 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney to RE-FILE Document No. 19 Request for Issuance of Summons,. The filing is deficient for the following reason(s): Filed against error. On ECF Sony/Atv Music Publishing, LLC was entered, and its not a party on the docket, however, on the summons form Sony/Atv Music** |

| | | |
|---|---|---|
| | | **Publishing, LTD. UK is the party being requested;. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (dgo)** (Entered: 12/12/2016) |
| 12/13/2016 | 20 | REQUEST FOR ISSUANCE OF SUMMONS as to Sony/Atv Music Publishing, LTD. (UK), re: 10 Amended Complaint,,. Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 12/13/2016) |
| 12/13/2016 | 21 | REQUEST FOR ISSUANCE OF SUMMONS as to Atlantic Recording Corporation, d/b/a Atlantic Records, re: 10 Amended Complaint,,. Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 12/13/2016) |
| 12/13/2016 | 22 | REQUEST FOR ISSUANCE OF SUMMONS as to BDI Music Group, re: 10 Amended Complaint,,. Document filed by Cherrigale Townsend. (Frank, Patrick) (Entered: 12/13/2016) |
| 12/13/2016 | 23 | REQUEST FOR ISSUANCE OF SUMMONS as to Warner Music Group Corporation, d/b/a Asylum Records, re: 10 Amended Complaint,,. Document filed by Cherrigale Townsend. (Frank, Patrick) (Entered: 12/13/2016) |
| 12/13/2016 | 24 | REQUEST FOR ISSUANCE OF SUMMONS as to Warner Music Group, LTD. (UK), re: 10 Amended Complaint,,. Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 12/13/2016) |
| 12/13/2016 | 25 | REQUEST FOR ISSUANCE OF SUMMONS as to Edward Christopher Sheeran, p/k/a Ed Sheeran, re: 10 Amended Complaint,,. Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 12/13/2016) |
| 12/13/2016 | 26 | REQUEST FOR ISSUANCE OF SUMMONS as to Ed Sheeran Limited, re: 10 Amended Complaint,,. Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 12/13/2016) |
| 12/13/2016 | 27 | REQUEST FOR ISSUANCE OF SUMMONS as to Gingerbread Man Records, re: 10 Amended Complaint,,. Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 12/13/2016) |
| 12/13/2016 | 28 | REQUEST FOR ISSUANCE OF SUMMONS as to Jake Gosling, re: 10 Amended Complaint,,. Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 12/13/2016) |
| 12/13/2016 | 29 | REQUEST FOR ISSUANCE OF SUMMONS as to Sticky Studios, re: 10 Amended Complaint,,. Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 12/13/2016) |
| 12/13/2016 | 30 | REQUEST FOR ISSUANCE OF SUMMONS as to Amy Wadge, re: 10 Amended Complaint,,. Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 12/13/2016) |
| 12/13/2016 | 31 | REQUEST FOR ISSUANCE OF SUMMONS as to Amy Wadge Records, re: 10 Amended Complaint,,. Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 12/13/2016) |
| 12/15/2016 | 32 | ELECTRONIC SUMMONS ISSUED as to Sony/Atv Music Publishing, LTD. UK. (dgo) (Entered: 12/15/2016) |
| 12/15/2016 | 33 | ELECTRONIC SUMMONS ISSUED as to Atlantic Recording Corporation. (dgo) (Entered: 12/15/2016) |
| 12/15/2016 | 34 | ELECTRONIC SUMMONS ISSUED as to BDi Music. (dgo) (Entered: 12/15/2016) |

| 12/15/2016 | 35 | ELECTRONIC SUMMONS ISSUED as to Warner Music Group Corporation. (dgo) (Entered: 12/15/2016) |
| 12/15/2016 | 36 | ELECTRONIC SUMMONS ISSUED as to Warner Music Group, LTD UK. (dgo) (Entered: 12/15/2016) |
| 12/15/2016 | 37 | ELECTRONIC SUMMONS ISSUED as to Edward Christopher Sheeran. (dgo) (Entered: 12/15/2016) |
| 12/15/2016 | 38 | ELECTRONIC SUMMONS ISSUED as to Ed Sheeran Limited. (dgo) (Entered: 12/15/2016) |
| 12/15/2016 | 39 | ELECTRONIC SUMMONS ISSUED as to Gingerbread Man Records. (dgo) (Entered: 12/15/2016) |
| 12/15/2016 | 40 | ELECTRONIC SUMMONS ISSUED as to Jake Gosling. (dgo) (Entered: 12/15/2016) |
| 12/15/2016 | 41 | ELECTRONIC SUMMONS ISSUED as to Sticky Studios. (dgo) (Entered: 12/15/2016) |
| 12/15/2016 | 42 | ELECTRONIC SUMMONS ISSUED as to Amy Wadge. (dgo) (Entered: 12/15/2016) |
| 12/16/2016 | 43 | ELECTRONIC SUMMONS ISSUED as to Amy Wadge Records. (dgo) (Entered: 12/16/2016) |
| 01/19/2017 | 44 | NOTICE of Filing Returns of Service re: 18 Memo Endorsement, Set Deadlines,,. Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 01/19/2017) |
| 01/23/2017 | 45 | ORDER: Initial Conference set for 2/24/2017 at 12:45 PM in Courtroom 905 of the Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY 10007 before Judge Richard J. Sullivan. (Signed by Judge Richard J. Sullivan on 1/23/2017) (mro) (Entered: 01/23/2017) |
| 01/23/2017 | 46 | LETTER MOTION to Stay addressed to Judge Richard J. Sullivan from Ilene S. Farkas dated 1/23/17. Document filed by Atlantic Recording Corporation, Warner Music Group Corporation.(Farkas, Ilene) (Entered: 01/23/2017) |
| 01/23/2017 | 47 | ORDER: IT IS HEREBY ORDERED THAT Plaintiffs shall respond to Defendants' letter by January 26, 2017. In particular, Plaintiffs shall address the following: (1) exactly what attempts were made to locate and serve all Defendants before the Court's November 16, 2016 order (Doc. No. 16); (2) exactly what attempts were made to locate and serve all Defendants after the Court's November 16, 2016 order; (3) whether any of the fifteen named Defendants besides Atlantic and WMG have been properly served; (4) why the Court should not dismiss this action for Plaintiffs' failure to take reasonable steps to serve all Defendants in a case that was filed more than five months ago; and (5) in the alternative, why the Court should not stay this action until Plaintiffs have located and properly served all named Defendants. (Signed by Judge Richard J. Sullivan on 1/23/2017) (mro) (Entered: 01/24/2017) |
| 01/25/2017 | 48 | RESPONSE to Motion re: 46 LETTER MOTION to Stay addressed to Judge Richard J. Sullivan from Ilene S. Farkas dated 1/23/17. . Document filed by Kathryn Townsend Griffin, Helen McDonald, Cherrigale Townsend. (Frank, Patrick) (Entered: 01/25/2017) |
| 01/26/2017 | 49 | SECOND LETTER addressed to Judge Richard J. Sullivan from Donald S. Zakarin dated 1/26/17 re: recently filed letter motion. Document filed by Atlantic Recording Corporation, Warner Music Group Corporation.(Zakarin, Donald) (Entered: 01/26/2017) |
| 01/27/2017 | 50 | ORDER: IT IS HEREBY ORDERED THAT the deadline for Atlantic and Warner to answer or otherwise respond to the complaint is extended to February 3, 2017. The parties' |

| | | remaining requests and responses are under advisement. (Atlantic Recording Corporation answer due 2/3/2017; Warner Music Group Corporation answer due 2/3/2017.) (Signed by Judge Richard J. Sullivan on 1/27/2017) (cla) (Entered: 01/27/2017) |
|---|---|---|
| 02/02/2017 | 51 | ORDER: terminating 46 Letter Motion to Stay. For the reasons set forth above, IT IS HEREBY ORDERED THAT the Complaint is dismissed without prejudice against the following thirteen Defendants: (1) Sony/ATV Music Publishing; (2) Warner Music Group, Ltd. UK; (3) Sony/ATV Music Publishing, Ltd. UK; (4)Gingerbread Man Records; (5) Ed Sheeran, Ltd.; (6) Sticky Studios; (7) Amy Wadge Records; (8) Bucks Music Group; (9) BDi Music Group; (10) Atlantic Records UK; (11) Edward Sheeran; (12) Jake Gosling; and (13) Amy Wadge. IT IS FURTHER ORDERED THAT the two Defendants that have been successfully served, Atlantic Recording Corporation and Warner Music Group Corporation, shall answer or otherwise respond to the Complaint by February 3, 2017, in accordance with the Court's January 27, 2017order. (Doc. No. 50.) The parties are reminded that they must submit a joint letter and case management plan by February 16, 2017 and appear for an initial conference on February 24, 2017 in accordance with the Court's January 23, 2017 order. (Doc. No. 45.) The Clerk of Court is respectfully directed to terminate the thirteen Defendants listed above from the case and to terminate the motion pending at docket number 46. SO ORDERED. (Signed by Judge Richard J. Sullivan on 2/02/2017). *** Party BDi Music, Bucks Music Group, Ed Sheeran Limited, Gingerbread Man Records, Jake Gosling, Edward Christopher Sheeran, Sony/Atv Music Publishing, Sony/Atv Music Publishing, LTD. UK, Sticky Studios, Amy Wadge, Warner Music Group, LTD UK, Amy Wadge Records and Atlantic Records UK terminated. (ama) Modified on 2/2/2017 (ama). (Entered: 02/02/2017) |
| 02/03/2017 | 52 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Access Industries, Inc. for Warner Music Group Corporation. Document filed by Warner Music Group Corporation.(Zakarin, Donald) (Entered: 02/03/2017) |
| 02/03/2017 | 53 | FIRST RULE 7.1 CORPORATE DISCLOSURE STATEMENT. Identifying Corporate Parent Access Industries, Inc., Corporate Parent Warner Music Group Corp. for Atlantic Recording Corporation. Document filed by Atlantic Recording Corporation.(Zakarin, Donald) (Entered: 02/03/2017) |
| 02/03/2017 | 54 | ANSWER to 10 Amended Complaint,,. Document filed by Atlantic Recording Corporation.(Zakarin, Donald) (Entered: 02/03/2017) |
| 02/03/2017 | 55 | ANSWER to 10 Amended Complaint,,. Document filed by Warner Music Group Corporation.(Zakarin, Donald) (Entered: 02/03/2017) |
| 02/14/2017 | 56 | STIPULATION OF VOLUNTARY DISMISSAL It is hereby stipulated and agreed by and between the parties and/or their respective counsel(s) that the above-captioned action is voluntarily dismissed, against the defendant(s) Amy Wadge Records, Atlantic Recording Corporation, Atlantic Records UK, BDi Music, Bucks Music Group pursuant to Rule 41(a) (1)(A)(ii) of the Federal Rules of Civil Procedure. Document filed by Cherrigale Townsend, Helen McDonald, Kathryn Townsend Griffin.(Frank, Patrick) (Entered: 02/14/2017) |
| 02/15/2017 | 57 | JOINT STIPULATION TO DISMISS WITHOUT PREJUDICE: COME NOW, Plaintiffs and the remaining named defendants, Atlantic Recording Corporation and Warner Music Group Corporation d/b/a Asylum Records, this Court having dismissed the Complaint as against all other defendants, without prejudice, collectively through their respective undersigned counsel(s), and pursuant to the Federal Rules of Civil Procedure, Rule 41(a) (1)(A)(ii), proffer the instant joint stipulation to dismiss the Complaint in this action and all claims therein without prejudice with the Parties bearing their respective fees and costs attendant hereto. (Signed by Judge Richard J. Sullivan on 2/15/2017) (mro) (Entered: 02/15/2017) |

8/27/2018          SDNY CM/ECF Version 6.2.2

| 02/15/2017 | 58 | AO 121 FORM COPYRIGHT - CASE TERMINATED- SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a final decision was rendered on 02/15/2017 in a court action filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights. (jsu) (Entered: 02/15/2017) |
|---|---|---|

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/27/2018 16:00:42 | | |
| **PACER Login:** | hiplaw111:4269643:0 | **Client Code:** | SAS |
| **Description:** | Docket Report | **Search Criteria:** | 1:16-cv-06309-RJS |
| **Billable Pages:** | 8 | **Cost:** | 0.80 |

**A83**

ECF,RELATED

# U.S. District Court
## Southern District of New York (Foley Square)
## CIVIL DOCKET FOR CASE #: 1:18-cv-05839-RJS

Structured Asset Sales, LLC v. Sheeran et al          Date Filed: 06/28/2018
Assigned to: Judge Richard J. Sullivan              Jury Demand: Plaintiff
Related Case: 1:17-cv-05221-RJS                     Nature of Suit: 820 Copyright
Cause: 17:101 Copyright Infringement                Jurisdiction: Federal Question

**Plaintiff**

**Structured Asset Sales, LLC**          represented by   **Hillel Ira Parness**
                                                          Parness Law Firm, PLLC
                                                          136 Madison Avenue, 6th Floor
                                                          New York, NY 10007
                                                          212-447-5299
                                                          Fax: 646-722-3301
                                                          Email: hip@hiplaw.com
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Edward Christopher Sheeran**
*TERMINATED: 08/09/2018*
*personally known as*
Ed Sheeran
*TERMINATED: 08/09/2018*

**Defendant**

**Ed Sheeran Limited**

**Defendant**

**Gingerbread Man Records**
*TERMINATED: 08/09/2018*

**Defendant**

**Amy Wadge**
*TERMINATED: 08/09/2018*

**Defendant**

**Amy Wadge Records**
*TERMINATED: 08/09/2018*

**Defendant**

**Jake Gosling**
*TERMINATED: 08/09/2018*

**Defendant**

**A84**

**Sticky Studios**
*TERMINATED: 08/09/2018*

**Defendant**

**Sony/Atv Music Publishing, LTD. UK**
*TERMINATED: 08/09/2018*

**Defendant**

**Sony/ATV Music Publishing, LLC**

**Defendant**

**Atlantic Recording Corporation**
*doing business as*
Atlantic Records

**Defendant**

**Atlantic Records UK**
*TERMINATED: 08/09/2018*

**Defendant**

**BDi Music**
*TERMINATED: 08/09/2018*

**Defendant**

**Bucks Music Group**
*TERMINATED: 08/09/2018*

**Defendant**

**Warner Music Group Corporation**
*TERMINATED: 08/09/2018*
*doing business as*
Asylum Records
*TERMINATED: 08/09/2018*

**Defendant**

**Warner Music Group, LTD UK**
*TERMINATED: 08/09/2018*

**Defendant**

**Does 1 through 10**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/28/2018 | 1 | COMPLAINT against ATLANTIC RECORDING CORPORATION d/b/a ATLANTIC RECORDS, Amy Wadge Records, Atlantic Records UK, BDi Music, Bucks Music Group, Ed Sheeran Limited, Gingerbread Man Records, Jake Gosling, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC, Sony/Atv Music Publishing, LTD. UK, Sticky Studios, WARNER MUSIC GROUP CORPORATION d/b/a/ ASYLUM RECORDS, Amy Wadge, Warner Music Group, LTD UK. (Filing Fee $ 400.00, Receipt Number 0208-15257712)Document filed by Structured Asset Sales, LLC.(Parness, Hillel) (Entered: 06/28/2018) |

SDNY CM/ECF Version 6.2.2

| 06/28/2018 | 2 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR** - REQUEST FOR ISSUANCE OF SUMMONS as to All Defendants, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) Modified on 6/29/2018 (pne). (Entered: 06/28/2018) |
|---|---|---|
| 06/28/2018 | 3 | RULE 7.1 CORPORATE DISCLOSURE STATEMENT. No Corporate Parent. Document filed by Structured Asset Sales, LLC.(Parness, Hillel) (Entered: 06/28/2018) |
| 06/28/2018 | 4 | RELATED CASE AFFIRMATION of Hillel I. Parness re: that this action be filed as related to 17-cv-5221. Document filed by Structured Asset Sales, LLC.(Parness, Hillel) (Entered: 06/28/2018) |
| 06/28/2018 | 5 | **FILING ERROR - PDF ERROR -** CIVIL COVER SHEET filed. (Parness, Hillel) Modified on 6/29/2018 (pne). (Entered: 06/28/2018) |
| 06/28/2018 | 6 | **FILING ERROR - PDF ERROR -** AO 121 FORM COPYRIGHT - NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review.(Parness, Hillel) Modified on 6/29/2018 (pne). (Entered: 06/28/2018) |
| 06/29/2018 |  | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above-entitled action is assigned to Judge Unassigned. (pne) (Entered: 06/29/2018) |
| 06/29/2018 |  | Case Designated ECF. (pne) (Entered: 06/29/2018) |
| 06/29/2018 |  | CASE REFERRED TO Judge Richard J. Sullivan as possibly related to 17CV5221. (pne) (Entered: 06/29/2018) |
| 06/29/2018 |  | ***NOTICE TO ATTORNEY REGARDING CIVIL CASE OPENING STATISTICAL ERROR CORRECTION: Notice to attorney Hillel Ira Parness. The following case opening statistical information was erroneously selected/entered: County code New York. The following correction has been made to your case entry: the County code has been modified to XX Out of State. (pne) (Entered: 06/29/2018) |
| 06/29/2018 |  | ***NOTICE TO ATTORNEY REGARDING DEFICIENT CIVIL COVER SHEET. Notice to attorney Hillel Ira Parness to RE-FILE Document No. 5 Civil Cover Sheet. The filing is deficient for the following reason: defendant name error on caption; if the entire caption does not fit in the space provided, use "et al" following the name of the first defendant named on the pleading caption. Re-file the document using the event type Civil Cover Sheet found under the event list Other Documents and attach the correct PDF. Use civil cover sheet issued by S.D.N.Y. dated June 2017. The S.D.N.Y. Civil Cover Sheet dated June 2017 is located at http://nysd.uscourts.gov/file/forms/civil-cover-sheet.. (pne) (Entered: 06/29/2018) |
| 06/29/2018 |  | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Hillel Ira Parness. The party information for the following parties has been modified: Atlantic Recording Corporation, Edward Christopher Sheeran, Warner Music Group Corporation. The information for the parties has been modified for the following reasons: party name was entered in all caps; alias party name was omitted. (pne) (Entered: 06/29/2018) |
| 06/29/2018 |  | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Hillel Ira Parness to RE-FILE Document No. 2 Request for Issuance of Summons. The filing is deficient for the following reasons: no defendant name(s) entered in the 'To' field on the summons request form; the name of the parties for whom the summons is being requested must appear on the docket entry text; caption is incomplete. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of |

**A86**

| | | |
|---|---|---|
| | | **Process - select the correct filer/filers - and attach the correct summons form PDF. (pne)** (Entered: 06/29/2018) |
| 06/29/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT COPYRIGHT FORM. Notice to Attorney Hillel Ira Parness to RE-FILE Document No. 6 AO 121 Form Copyright - Notice of Submission by Attorney. The filing is deficient for the following reasons: defendant name error on caption; if the entire caption does not fit in the space provided, use "et al" following the name of the first defendant named on the pleading caption. Re-file the document using the event type AO 121 Form Copyright - Notice of Submission by Attorney found under the event list Other Documents and attach the correct AO 121 Copyright PDF form. (pne)** (Entered: 06/29/2018) |
| 06/29/2018 | 24 | MEMO ENDORSEMENT on re: (60 in 1:17-cv-05221-RJS) Letter filed by Structured Asset Sales, LLC. ENDORSEMENT: Counsel's request is DENIED. The Court will issue a scheduling order in the related case, 18-cv-5839, once Defendants have been served. (Signed by Judge Richard J. Sullivan on 6/29/2018) (mro) (Entered: 07/02/2018) |
| 07/01/2018 | 7 | CIVIL COVER SHEET filed. (Parness, Hillel) (Entered: 07/01/2018) |
| 07/01/2018 | 8 | AO 121 FORM COPYRIGHT - NOTICE OF SUBMISSION BY ATTORNEY. AO 121 Form Copyright for case opening submitted to court for review.(Parness, Hillel) (Entered: 07/01/2018) |
| 07/01/2018 | 9 | REQUEST FOR ISSUANCE OF SUMMONS as to Atlantic Records UK, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/01/2018) |
| 07/01/2018 | 10 | REQUEST FOR ISSUANCE OF SUMMONS as to Atlantic Records Corporation, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/01/2018) |
| 07/01/2018 | 11 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST As To -** REQUEST FOR ISSUANCE OF SUMMONS as to BDI Music Group, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) Modified on 7/2/2018 (dnh). (Entered: 07/01/2018) |
| 07/01/2018 | 12 | REQUEST FOR ISSUANCE OF SUMMONS as to Gingerbread Man Records, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/01/2018) |
| 07/01/2018 | 13 | REQUEST FOR ISSUANCE OF SUMMONS as to Jake Gosling, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/01/2018) |
| 07/01/2018 | 14 | REQUEST FOR ISSUANCE OF SUMMONS as to Ed Sheeran Limited, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/01/2018) |
| 07/01/2018 | 15 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR** - REQUEST FOR ISSUANCE OF SUMMONS as to Edward Christopher Sheeran, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) Modified on 7/2/2018 (dnh). (Entered: 07/01/2018) |
| 07/01/2018 | 16 | REQUEST FOR ISSUANCE OF SUMMONS as to Sony/ATV Music Publishing LLC, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/01/2018) |
| 07/01/2018 | 17 | REQUEST FOR ISSUANCE OF SUMMONS as to Sony/ATV Music Publishing, Ltd. (UK), re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/01/2018) |

8/22/2018                                                      SDNY CM/ECF Version 6.2.2

| 07/01/2018 | 18 | REQUEST FOR ISSUANCE OF SUMMONS as to Sticky Studios, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/01/2018) |
|---|---|---|
| 07/01/2018 | 19 | REQUEST FOR ISSUANCE OF SUMMONS as to Amy Wadge Records, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/01/2018) |
| 07/01/2018 | 20 | REQUEST FOR ISSUANCE OF SUMMONS as to Amy Wadge, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/01/2018) |
| 07/01/2018 | 21 | REQUEST FOR ISSUANCE OF SUMMONS as to Warner Music Group Corporation, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/01/2018) |
| 07/01/2018 | 22 | REQUEST FOR ISSUANCE OF SUMMONS as to Warner Music Group, Ltd. (UK), re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/01/2018) |
| 07/01/2018 | 23 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST As To -** REQUEST FOR ISSUANCE OF SUMMONS as to Bucks Music Group Limited, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) Modified on 7/2/2018 (dnh). (Entered: 07/01/2018) |
| 07/02/2018 | | CASE ACCEPTED AS RELATED. Create association to 1:17-cv-05221-RJS. Notice of Assignment to follow. (jc) (Entered: 07/02/2018) |
| 07/02/2018 | | NOTICE OF CASE REASSIGNMENT to Judge Richard J. Sullivan. Judge Unassigned is no longer assigned to the case. (jc) (Entered: 07/02/2018) |
| 07/02/2018 | | Magistrate Judge Ona T. Wang is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: http://nysd.uscourts.gov/forms.php. (jc) (Entered: 07/02/2018) |
| 07/02/2018 | 25 | ELECTRONIC SUMMONS ISSUED as to Atlantic Records UK. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | 26 | ELECTRONIC SUMMONS ISSUED as to Atlantic Recording Corporation. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Hillel Ira Parness to RE-FILE Document No. 11 Request for Issuance of Summons. The filing is deficient for the following reason(s): 'As to' Error; Defendant name must directly correspond to the party of Record (BDI Music Group). Docket entry 'as to' selection does not directly correspond to the party of record. Defendant name listed in 'To:' field on PDF does not directly correspond to the party of record. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | 27 | ELECTRONIC SUMMONS ISSUED as to Gingerbread Man Records. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | 28 | ELECTRONIC SUMMONS ISSUED as to Jake Gosling. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | 29 | **Document replaced with correct PDF** ELECTRONIC SUMMONS ISSUED as to Ed Sheeran Limited. (dnh) (Main Document 29 replaced on 7/3/2018) (dnh). (Entered: 07/02/2018) |

**A88**

| 07/02/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Hillel Ira Parness to RE-FILE Document No. 15 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; Defendant name and address omitted from PDF. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (dnh)** (Entered: 07/02/2018) |
| --- | --- | --- |
| 07/02/2018 | 30 | ELECTRONIC SUMMONS ISSUED as to Sony/ATV Music Publishing, LLC. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | 31 | ELECTRONIC SUMMONS ISSUED as to Sony/Atv Music Publishing, LTD. UK. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | 32 | ELECTRONIC SUMMONS ISSUED as to Sticky Studios. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | 33 | ELECTRONIC SUMMONS ISSUED as to Amy Wadge Records. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | 34 | ELECTRONIC SUMMONS ISSUED as to Amy Wadge. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | 35 | ELECTRONIC SUMMONS ISSUED as to Warner Music Group Corporation. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | 36 | REQUEST FOR ISSUANCE OF SUMMONS as to Edward Christopher Sheeran, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/02/2018) |
| 07/02/2018 | 37 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR** - REQUEST FOR ISSUANCE OF SUMMONS as to BDi Music, re: 1 Complaint. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) Modified on 7/3/2018 (dnh). (Entered: 07/02/2018) |
| 07/02/2018 | 38 | ELECTRONIC SUMMONS ISSUED as to Warner Music Group, LTD UK. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | 39 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST - PREVIOUSLY ISSUED TO PARTY -** REQUEST FOR ISSUANCE OF SUMMONS as to Ed Sheeran Limited, re: 1 Complaint. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) Modified on 7/3/2018 (dnh). (Entered: 07/02/2018) |
| 07/02/2018 | | **\*\*\*NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Hillel Ira Parness to RE-FILE Document No. 23 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; Defendant name must directly correspond to the party of record (Bucks Music Group Limited). Defendant name on PDF must directly correspond to the party of record. Docket Entry Error; 'as to' party name selected must directly correspond to the pleading. Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (dnh)** (Entered: 07/02/2018) |
| 07/02/2018 | 40 | **FILING ERROR - DEFICIENT PLEADING - SUMMONS REQUEST PDF ERROR** - REQUEST FOR ISSUANCE OF SUMMONS as to Bucks Music Group, re: 1 Complaint,,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) Modified on 7/2/2018 (dnh). (Entered: 07/02/2018) |

**A89**

| | | |
|---|---|---|
| 07/02/2018 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Hillel Ira Parness to RE-FILE Document No. 40 Request for Issuance of Summons. The filing is deficient for the following reason(s): the PDF attached to the docket entry for the issuance of summons is not correct; Include 'C/o' or 'via' before second party name (Roundhouse). Re-file the document using the event type Request for Issuance of Summons found under the event list Service of Process - select the correct filer/filers - and attach the correct summons form PDF. (dnh) (Entered: 07/02/2018) |
| 07/02/2018 | 41 | REQUEST FOR ISSUANCE OF SUMMONS as to BDi Music, re: 1 Complaint,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/02/2018) |
| 07/02/2018 | 42 | REQUEST FOR ISSUANCE OF SUMMONS as to Bucks Music Group, re: 1 Complaint,. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/02/2018) |
| 07/03/2018 | 43 | ELECTRONIC SUMMONS ISSUED as to BDi Music. (dnh) (Entered: 07/03/2018) |
| 07/03/2018 | 44 | ELECTRONIC SUMMONS ISSUED as to Edward Christopher Sheeran. (dnh) (Entered: 07/03/2018) |
| 07/03/2018 | 45 | ELECTRONIC SUMMONS ISSUED as to Bucks Music Group. (dnh) (Entered: 07/03/2018) |
| 07/10/2018 | 46 | AO 121 FORM COPYRIGHT - CASE OPENING - SUBMITTED. In compliance with the provisions of 17 U.S.C. 508, the Register of Copyrights is hereby advised that a court action has been filed on the following copyright(s) in the U.S. District Court Southern District of New York. Form e-mailed to Register of Copyrights. (dnh) (Entered: 07/10/2018) |
| 07/13/2018 | 47 | FILING ERROR - DEFICIENT PLEADING - FILED AGAINST PARTY ERROR - AMENDED COMPLAINT amending 1 Complaint,, against Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC with JURY DEMAND.Document filed by Structured Asset Sales, LLC. Related document: 1 Complaint,.(Parness, Hillel) Modified on 7/16/2018 (pc). (Entered: 07/13/2018) |
| 07/16/2018 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Hillel Ira Parness to RE-FILE Document No. 47 Amended Complaint,. The filing is deficient for the following reason(s): the wrong party/parties whom the pleading is against were selected. Re-file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents - attach the correct signed PDF - select the individually named filer/filers - select the individually named party/parties the pleading is against. (pc) (Entered: 07/16/2018) |
| 07/16/2018 | 48 | AMENDED COMPLAINT amending 1 Complaint,, against Atlantic Recording Corporation, Edward Christopher Sheeran, Sony/ATV Music Publishing, LLC, Does 1 through 10 with JURY DEMAND.Document filed by Structured Asset Sales, LLC. Related document: 1 Complaint,.(Parness, Hillel) (Entered: 07/16/2018) |
| 07/16/2018 | 49 | LETTER addressed to Judge Richard J. Sullivan from Hillel I. Parness dated July 16, 2018 re: Renewed Request for Conference. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/16/2018) |
| 07/16/2018 | 50 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint, Amended Complaint,. Sony/ATV Music Publishing, LLC served on 7/13/2018, answer due 8/3/2018. Service was accepted by Cathy Krieger-Jewell, Authorized Agent. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/16/2018) |
| 07/16/2018 | 51 | ORDER: Initial Conference set for 8/27/2018 at 11:30 AM in Courtroom 905 of the |

# A90

|  |  | Thurgood Marshall United States Courthouse, 40 Centre Street, New York, NY 10007 before Judge Richard J. Sullivan. (Signed by Judge Richard J. Sullivan on 7/16/2018) (mro) (Entered: 07/17/2018) |
|---|---|---|
| 07/17/2018 | 52 | MEMO ENDORSEMENT on re: 49 Letter filed by Structured Asset Sales, LLC. ENDORSEMENT: Counsel's request is DENIED. According to the Affidavit of Service filed on July 16, 2018, Defendants were served with the Amended Complaint on July 13, 2018. (Doc. No. 50.) The deadline to file an answer or any other responsive pleading is August 3, 2018. Accordingly, the parties shall comply with the separately docketed scheduling order issued on July 16, 2018. SO ORDERED. (Signed by Judge Richard J. Sullivan on 7/17/2018) (ne) (Entered: 07/17/2018) |
| 07/20/2018 | 53 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint, Amended Complaint,. Atlantic Recording Corporation served on 7/13/2018, answer due 8/3/2018. Service was accepted by Noreen Dynyard (CT Corp clerk). Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 07/20/2018) |
| 08/03/2018 | 54 | PROPOSED STIPULATION AND ORDER. Document filed by Atlantic Recording Corporation, Sony/ATV Music Publishing, LLC. (Goldsmith, Andrew) (Entered: 08/03/2018) |
| 08/03/2018 | 55 | STIPULATION EXTENDING TIME: IT IS HEREBY STIPULATED AND AGREED, that 1. The time for defendants Sony/ATV Music Publishing LLC and Atlantic Recording Corporation d/b/a Atlantic Records (the "Defendants") to appear and to answer the Amended Complaint in this action, be and the same hereby is extended to and including August 10, 2018. Atlantic Recording Corporation answer due 8/10/2018; Sony/ATV Music Publishing, LLC answer due 8/10/2018. (Signed by Judge Richard J. Sullivan on 8/3/2018) (mro) (Entered: 08/06/2018) |
| 08/09/2018 | 56 | PROPOSED STIPULATION AND ORDER. Document filed by Structured Asset Sales, LLC. (Parness, Hillel) (Entered: 08/09/2018) |
| 08/09/2018 | 57 | ORDER: Accordingly, IT IS HEREBY ORDERED THAT Defendants shall answer the amended complaint by August 29, 2018. SO ORDERED., Atlantic Recording Corporation answer due 8/29/2018; Sony/ATV Music Publishing, LLC answer due 8/29/2018. (Signed by Judge Richard J. Sullivan on 8/9/2018) (rj) Modified on 8/10/2018 (rj). Modified on 8/10/2018 (rj). (Entered: 08/10/2018) |
| 08/09/2018 | 58 | JOINT STIPULATION: The enumerated Plaintiffs and Defendants, collectively, who, by and through their respective counsel(s), and pursuant to the Federal Rules of Civil Procedure R. 41 (a)(1)(A), jointly stipulate to the following Plaintiff Structured Asset Sales, LLC, through its undersigned counsel, has dismissed the following Defendants from this action: Ed Sheeran Limited, Gingerbread Man Records, Amy Wadge, Amy Wadge Records, Jake Gosling, Sticky Studios, Sony/ATV Music Publishing (UK) Ltd., Atlantic Records (UK), BDi Music, Bucks Music Group, Warner Music Group Corporation d/b/a Asylum Records, and Warner Music Group Ltd (UK) as set forth in this order., BDi Music, Bucks Music Group, Gingerbread Man Records, Jake Gosling, Edward Christopher Sheeran, Sony/Atv Music Publishing, LTD. UK, Sticky Studios, Amy Wadge, Warner Music Group Corporation, Warner Music Group, LTD UK, Amy Wadge Records and Atlantic Records UK terminated. (Signed by Judge Richard J. Sullivan on 8/9/2018) (rj) (Entered: 08/10/2018) |
| 08/20/2018 | 59 | JOINT LETTER addressed to Judge Richard J. Sullivan from Hillel I. Parness dated August 20, 2018 re: Joint Letter and Proposed Case Management Plan and Scheduling Order. Document filed by Structured Asset Sales, LLC. (Attachments: # 1 Text of Proposed Order Proposed Case Management Plan and Scheduling Order)(Parness, Hillel) (Entered: 08/20/2018) |